## BUNNELL v. MAGEE.

1. A judgment is not so assignable as to enable the assignee to sue on it in his own name, and therefore he cannot make use of one, so assigned to him, as a set off.

Writ of Error to the County Court of Mobile.

ASSUMPSIT by Bunnell, as indorsec of a note made by one Lewis, against Magee as indorser.

At the trial, the defendant offered as a set off against the note, a judgment obtained in the Circuit Court of Mobile county by Hall, Weeks & Co. against the plaintiff, and which it was attempted to show, was assigned by Hall to Lewis, the maker of the note, and by him to the defendant, prior to the commencement of the suit.

This was admitted, and the court charged the judgment was a legal set off. The defendant excepted, and now assigns the matter of exception as error.

G. N. STEWART, for the plaintiff in error.

No counsel appeared for the defendant.

GOLDTHWAITE, J.—A series of decisions in this court have established the general rule in relation to off sets, that the one offered as a defence must be such as the defendant can sue in his own name. [Crawford v. Simonton, 7 Por. 110; French v. Garner, Ib. 549; Bell v. Horton, 1 Ala. R. N. S. 412; Adams v. McGrew, 2 Ib. 675; Holmes v. Bullock, 4 Ib. 228.] We are not aware that the interest in a judgment can be so assigned as to enable the assignee to maintain any action upon it, except by using the name of the original party. In this view it is not material to inquire whether there was sufficient evidence of the assignment.

Judgment reversed and remanded.