## SKIPPER vs. STOKES AND STOKES vs. SKIPPER.

[ACTION ON ACCOUNT.]

42 255
114 230
42 255
131 228

1. *Accounts to be created, not subject of valid sale.*—A mere possibility, or expectancy in, or growing out of property cannot be the subject of a valid sale, and the transfer of accounts to be made in the practice of medicine, in certain specified years, by a physician to A., does not convey to A. such a title or interest in the accounts when created, as would enable A. to maintain an action thereon in his own name.

2. *Same.*—Under § 2240 of the Code, (Rev. Code, § 2642,) a transferred judgment may be the subject of a set off, in the hands of the owner, whether he have the legal title or not. (BYRD, J., *dissenting*.)

APPEAL from the Circuit Court of Henry county.
Tried before the Hon. H. D. CLAYTON.

THIS action was brought by James W. Stokes, against Patrick B. Skipper; was founded upon certain accounts transferred to the plaintiff as hereinafter stated; and was commenced on the 28th February, 1861. The defendant demurred to the complaint as the bill of exceptions taken by the defendant states, upon the ground that the plaintiff had but an equitable interest, as the agreement declared on

was only executory. The court overruled the demurrer, and defendant excepted. A portion of the accounts upon which the suit was brought, was transferred to the plaintiff by the following agreement :

STATE OF ALABAMA, } This agreement between James
  Henry county.   } Gillespie and James W. Stokes, witnesseth, that said James Gillespie, in consideration that said James W. Stokes has furnished said Gillespie with the use of a horse to practice medicine on, for the year 1858, and has contracted to pay the board of said horse for said year, and agrees to furnish such medicines as said Gillispie shall need, in practicing his profession, and contracts to pay the board of said Gillispie, for the year 1858, and furnish him with necessary clothing, for said year, hereby agrees to practice medicine for the year 1858, for the use and benefit of said Stokes, and hereby sells and transfers all accounts made for professional services up to this date, from 1st January, 1858, and to be made by the practice of medicine for said year 1858. The said Stokes is hereby authorized to collect all said accounts when they fall due, and with the proceeds to reimburse himself for all outlays and expenditures in the premises, and for all trouble in collections, and such losses or decrease in the value, as such horse or horses may sustain. After paying the foregoing named matters, then to pay the demands which said Gillespie is due to A. C. Gordon & Co., of which firm said Stokes is a member. The balance, after paying all the foregoing, is to be paid to the order of said Gillispie, if any balance there should be.

Witness my hand and seal, this 16th day of January, 1858.

      (Signed,)                 JAMES GILLESPIE.

This agreement was witnessed and was duly recorded in the office of the judge of probate. There were similar agreements for the years 1859, and 1860. Only a small portion of the account sued on for 1858, against the defendant, was made before the accounts for that year were transferred to the plaintiff, and all the remainder of the accounts against the defendant for the years 1858, 1859, and 1860, were created after they were transferred. There

was an account for $40 75, made in the year 1857. The defendant pleaded payment, set off, and the statute of limitations. There was other evidence introduced on the trial. The court charged the jury, amongst other things, that the transfers, assignments, or mortgages, from James Gillespie to the plaintiff, were based upon a valuable consideration, and entitled him to sue in his own name, and recover, to which charge the defendant excepted. The defendant requested the court to give several charges, which were refused. There was a verdict and judgment for the plaintiff. The defendant appealed, and assigned as error the charge given, and the refusal to give the charges asked.

The points raised by the bill of exceptions taken by the plaintiff, were, whether a transferred judgment against Gillespie, owned by the defendant, could be set off against the plaintiff's demand, and whether the account for the year 1857 was barred by the statute of limitations. This judgment was recovered against Gillespie by Morgan & Ryan, at the spring term, 1855, of the circuit court of Henry, and was transferred to the defendant. The court, against the objection of plaintiff, allowed evidence to go to the jury that said judgment was the property of the defendant, and instructed the jury, that if they believed said judgment was the property of the defendant by assignment, that the same was a legal set off against plaintiff's action, so far as it went, and to this the plaintiff excepted. The court also instructed the jury, at the request of the defendant, that if they believed from the evidence that an account for $40 75, made by the defendant with Doctor Gillispie, for the year 1857, for which plaintiff was suing with other demands, had been due and owing, for more than three years before plaintiff's action was begun, that the same is barred by the statute of limitations, and the same could not be considered by them in making up their verdict, and to this ruling of the court the plaintiff excepted, and appealed to this court, and assigned the same as error.

W. C. OATES, for appellant, cited *Stewart v. Kirkland,* 19 Ala. 163 ; *Purcell v. Mather,* 35 Ala. 573 ; Long on Sales,

pp. 3–4; 2 Kent's Com. m. p. 468; 2 Hilliard on Mort-
gages, 336, section 12 to 342; 1 Parsons on Contracts, 438;
*Baker v. Washington,* 5 Stewart & Porter, 142; Story on
Partnership, 138, section 94, *et seq*; Comyn on Contracts,
83, *et seq.*; Collyer on Partnership, 238, *et seq.*

MARTIN & SAYRE, *contra.—Purcell v. Mather,* 35 Ala. 573;
18 Pick., 170; *Burwell v. Magee,* 9 Ala. 433.

JUDGE, J.—These cases constitute an appeal and a
cross appeal, and both are to be tried on the same record.

The principle settled in *Purcell's Adm'r v. Mather,* 35 Ala.
570, is decisive of the main question involved in the litiga-
tion between the present parties. That principle is,
that a mere possibility or expectancy, not coupled
with any interest in, or growing out of property, can-
not be made the subject of a valid sale. In the lan-
guage of Chancellor Kent, "the thing sold must have an
actual or political existence, and be specific or identified,
and capable of delivery; otherwise it is not strictly a con-
tract of sale, but a special or executory agreement."
2 Kent's Com. 468.

It results that neither of the transfers by Doctor Gilles-
pie to the plaintiff below, of accounts *"to be made by the
practice of medicine,"* in the years named in the tranfers res-
pectively conveyed to the plaintiff such title or interest in
the accounts, when created, as would enable him to main-
tain an action thereon in his own name. But it is hardly
necessary to say that this principle does not affect the va-
lidity of the transfers of such accounts, if any, which had
been created at the date of the contracts respectively.

We are unable to perceive the distinction in principle
insisted upon, between the case of *Purcell's Adm'r v. Ma-
ther, supra,* and the present case. In the former, there was
an attempt to convey specifically named accounts, which
it was expected would be created; here, there was a sale,
not only of accounts in existence, but of all accounts gen-
erally, that might be thereafter created, in the practice of
medicine by Doctor Gillespie, during the years named.
We think it sufficiently appears from the whole of the con-

tract for each year, that within the meaning and intention of the parties, the accounts were to be the property of the plaintiff for the specific purposes named, by virtue of the transfer thereof alone, and not under a sale or mortgage of the Doctor's professional skill and services, which would be an anomaly, and a conclusion not justified by the phraseology used.   Most, if not all the cases cited by counsel to uphold the transfer, show the assignment of a hope or expectation of means *founded on a right in esse*, which might be perfected by the acquirement of a title *in futuro*.   Such cases are analagous to the *spei emptio*—the draught of the fisherman's net, which, by the law, may be assigned.— *Gardner v. Hoeg*, 18 Pick. 170 ; *Robinson v. Mauldin*, 11 Ala. 977, and cases there cited.

We do not consider the question as to what are the respective rights and liabilities as between Doctor Gillespie and the plaintiff below, under their several contracts, it not being necessary to a decision of this case.

As to the cross-appeal : Under § 2240 of the Code, mutual debts, subsisting between the parties at the time of suit brought, may be set off, one against the other, by the defendant, "*whether the legal title be in the defendant or not.*" Conceding that a judgment is not so assignable as to enable the assigned to sue on it in his own name, (*Burwell v. Magee*, 9 Ala. 433); and that actions on judgments "in the names of the parties really interested," are not provided for by § 2129 of the Code, still, under § 2240, a transferred judgment may be the subject of a set-off in the hands of the owner, whether he have the legal title or not, for such a judgment is a "*debt*" against the defendant therein.   The phraseology of this section forbids, in our opinion, the attainment of any other conclusion ; and its effect is, to overturn the previously settled doctrine of this court, that the defendant cannot set off to the plaintiff's action, a demand which he is not entitled to sue on in his own name.

Under the circumstances disclosed by the evidence of Ryan, it was a question for the jury as to whether the ownership of the judgment offered as a set-off, was in the defendant or not ; and the court instructed the jury, "that if they believed said judgment was the property of the de-

fendant by assignment, that the same was a legal set-off against plaintiff's action, so far as it went." In this, there was no error. A portion of the plaintiff's demand, as the record shows, had been legally transferred to him by Doctor Gillespie, against which the set off might operate.

There was no error in the ruling of the court in reference to the statute of limitations, as applicable to the account for the year 1857.—*Todd v. Todd*, 15 Ala. 743.

It results from what we have said, that in the case of the appeal by Skipper against Stokes, the judgment must be reversed and the cause remanded.

But the judgment, as to the questions raised on the cross-appeal, *Stokes v. Skipper*, is affirmed.

BYRD, J.—I dissent to so much of the opinion of the court as holds that a transferred judgment can be plead as a set-off by the assignee. It has been settled by this court that an assigned judgment cannot be plead as a set-off by the transferee, *(Burwell v. Magee*, 9 Ala. 433, and the cases therein cited,) and that a party cannot avail himself of a claim or debt as a set-off which he cannot sue in his own name ; and that an assigned judgment cannot be sued on in the name of the assignee. Such has been the uniform doctrine of this court.

In the case of *Drake v. Mitchell et al.*, 3 East, 257, Lord Ellenborough, C. J., in delivering his opinion said, "a judgment recovered in any form of action is still but a security for the original cause of action, until it be made productive in satisfaction to the party ; and therefore till then, it cannot operate to change any other collateral concurrent remedy which the party may have." The other justices concurred, and Grose, J., said, "though judgment has been recovered on the bill, yet not having produced satisfaction in fact, the plaintiff may still resort to his original remedy on the contract."

This case has been approved by this court in the cases of *White v. Martin*, 1 Por. 217 ; *Keith v. Estill*, 9 Por. 669 ; *Spivey v. Morris*, 18 Ala. 154.

In the case of *Keith v. Estill*, *supra*, this court quotes approvingly from the opinion in the case of *Wyman v.*

*Mitchell*, 1 Cowan, 320, this sentence—"Now a judgment is in no sense a contract or agreement between the parties; it is only evidence of a pre-existing duty, obligation or agreement," and in that case this court held that the statute of limitations then in force did not apply to judgments.

Upon these authorities, I hold that judgments are not embraced within the terms used in § 2129 of the Code, and that if a suit is brought on a judgment, it must be in the name of the plaintiff in the same.

I further hold that the terms "mutual debts, liquidated or unliquidated demands, not sounding in damages merely," do not include assigned judgments. But even if a party can set off a judgment in his favor when sued by the defendant therein, under the provisions of § 2240 of the Code, still it does not authorize the assignee of a judgment to do so, when he is sued by the defendant to the judgment. Such assigned judgment is not embraced within the terms used in § 2240.

§ 2241 provides that when a set-off is plead and an excess is found by the jury in favor of the defendant, that "judgment must be rendered in favor of the defendant for such excess."

It would be a singular result to allow a defendant to have a judgment rendered in his favor on a set-off, when he could not have one if he had sued upon it.

In the case of *Crawford v. Ex'r of Simonton*, 7 Por. 110, this court held that a plea of set-off should disclose such a state of facts as would entitle the party pleading it to his action, if he were plaintiff in the suit;" and in the case of *Bell v. Horton*, 1 Ala. 413, held that a defendant cannot set-off to the plaintiff's action a demand which he is not entitled to sue on in his own name.

In the case of *Smith v. Taylor*, 9 Ala. 633, it is held that a set-off cannot be made unless the party could maintain an action upon it in his *own* name, against the opposite party. Also, see *Bowen v. Snell*, use &c., 11 Ala. 379.

I do not conceive that this doctrine is overturned by the provisions of the Code, but that the principle is still applicable, and in all cases where a suit may be brought in the name of the plaintiff under those provisions, in all such

cases covered by the above recited terms of § 2240 of the Code, a defendant may plead the same as a set-off. §§ 2129, 2240 and 2241, must be construed *in pari materia,* and by the principle long established by the court, that *where a defendant cannot sue on a demand in his own name, he cannot plead it as a set-off.*