# Wellborn v. Buck.

*Garnishment Suit.*

1. *Assignment of wages; valid and binding though contract uncertain as to duration; assignee's right superior to claim of assignor's creditors; garnishment.*—Where an employé, who is working under a subsisting contract for the rendition of services at a fixed compensation *per diem,*

which contract may be terminated by either party without notice, in order to obtain advances and supplies, gives to the person making them an order on his employer for a certain amount to be paid out of money then due him as wages or the first that may become due him, and the employer accepts such order on the day it is given, with the qualification that he would pay only to the extent of the time the employé worked, such order is a valid assignment of the wages earned and to be earned; and the rights of the assignee can not be intercepted by a garnishment sued out by a creditor of the employé against the employer while the wages are being earned.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

S. R. Wellborn, the appellant, brought an action of assumpsit against one Steve McIntosh, and sued out an ancillary writ of garnishment, which was served upon the Howard-Harrison Iron Company. The suit was commenced in a justice of the peace court, where judgment was rendered against the defendant. The garnishee answered an indebtedness to the defendant, and suggested the appellee, F. M. Buck, as claimant. From a judgment in favor of the plaintiff, upon issue joined between him and the claimant, the claimant appealed to the circuit court, and upon the trial of the cause in the circuit court, the following facts appeared:

Defendant was indebted to the plaintiff in the sum of three dollars with interest and attorney's fee to be added, and suit was brought on this indebtedness, and garnishment issued on 22d day of January, 1895, on which day summons was served on defendant and the garnishment writ on the Howard-Harrison Iron Company. On this day the defendant was in the employ of the Howard-Harrison Iron Company, but under no contract for any definite period of time. The fact being that the Howard-Harrison Iron Company would pay him at the rate of (90) ninety cents a day, for each day he worked, and either party could terminate it any day or hour either should desire. Under this state of facts, the garnishee answered on the 13th day of February, 1895, admitting an indebtedness of twelve and 85-100 dollars to the defendant, of which sum $5.50 was earned between the day of the service of the garnishment and the day it was answered. The garnishee, the Howard-Harrison Iron Company, in its answer suggested F. B. Buck, the appellee, as claimant. The claimant pro-

[Wellborn v. Buck.]

pounded his claim and the issue was tried between S.
R. Wellborn, plaintiff, and said F. B. Buck, claimant.
The claimant's evidence showed that the defendant was
working with the garnishee, the Howard-Harrison Iron
Company, under the contract as stated above on the
14th day of January, 1895, and without a termination
of that employment by either party up to the day of the
answer of the garnishee ; that claimant was a merchant,
having a grocery store near the plant of garnishee ; that
on that day claimant agreed to furnish defendant, in-
cluding the small sum he then owed claimant, to the
amount of $25.00, if defendant would give him an order
on the garnishee, the Howard-Harrison Iron Company,
to be paid out of the money then due him or the first
that might become due him. The defendant did this,
and the garnishee through its cashier, J. G. Aderton,
accepted it on the same day it was given, the 14th day
of January, 1895. The acceptance was that the gar-
nishee would only pay it to the extent of the time made
by the defendant. The garnishee had paid no money to
the defendant or claimant on the said acceptance, at the
time of the answer of the garnishee. Defendant was
indebted to claimant in the sum of about $15 on this
order, a greater sum than the amount of indebtedness
answered by the garnishee.

The cause was tried by the court without the inter-
vention of a jury, and upon the hearing of all the evi-
dence, judgment was rendered in favor of the claimant,
to the rendition of which judgment the plaintiff excepted.
The plaintiff brings the present appeal, and assigns as
error the rendition of judgment in favor of the claimant.

L. Y. LIPSCOMB, for appellant.

TROTTER & McADORY, contra.

BRICKELL, C. J.—Ordinarily, contingent rights and
interests are not assignable at law ; yet, if coupled with
some present interest, they are capable of legal assign-
ment.—2 Story Eq., § 1049 ; Patapsco Guano Co. v. Bal-
lard, 107 Ala. 710. An example is, that wages to be
earned in the future under an existing contract for their
rendition, providing the rate or measure of compensa-
tion, are capable of assignment. The principle, as it

may be collected from the present state of the authorities, is expressed with clearness and precision in 1 Amer. & Eng. Encyc. of Law, p. 828, and we quote it at length, because it is so peculiarly applicable to the case before us : "An assignment of wages to be earned under an existing employment, made in good faith and for a valuable consideration is valid. Such an assignment is good not only for the security and payment of a present indebtedness, but for such advances as the assignor may find it necessary to obtain, and although the workman works by the piece and his wages per month vary. And if there is a subsisting engagement, an assignment of future earnings will be sustained, although the assignor is liable to removal at any time."

The case of *Lamar v. Smith*, 7 Gray (Mass.) 150, to which we are referred by the counsel for the appellee, bears a close resemblance to the present case. There was a contract of hiring not for any specified time, either party, as here, being at liberty to terminate it at any time, at the rate or price of $1.25 per day for the time services were rendered. To obtain advances and supplies, the workman gave an order to the person from whom they were to be obtained on the employer for the payment of the wages as earned for a period of three months, of which the employer had notice, and of its acceptance there was evidence which was submitted to the jury. The order was held, a valid, operative assignment of the wages as earned, and that after notice and acceptance, the employer was legally liable to the assignee for the wages, and that his rights could not be intercepted by a garnishment against the employer while the wages were being earned. The order in favor of the appellee was presented and accepted on the day it was drawn ; and thereafter, even under the common law, when actions *ex contractu* could be supported only in the name of the party having the legal title, would have entitled him to maintain, in his own name, an action against the employer.—*Payne v. Mayor & Alderman*, 4 Ala. 333.

The cases of *Purcell v. Mather*, 35 Ala. 570 ; *Skipper v. Stokes*, 42 Ala. 255, are not opposed to the principle we have stated. The rights or interest assigned, or proposed to be assigned in each case, were strictly contingent—they were not coupled with a present interest ;

[Shepherd *et al.* v. Reeves & Co. *et al.*]

there was no subsisting contract or engagement for the rendition of services from which the accounts or claims assigned could arise. As was said by STONE, J., in *Purcell v. Mather, supra,* (and the observation is equally applicable to *Skipper v. Stokes*) : "The account had no actual existence, nor did it, as we understand the term, have a potential existence. It was a bare possibility. There was no right *in esse,* out of which the claim could spring. It was not the product of the grantor's labor. Whether he would perform labor for Mr. Gilchrist, was contingent on the election of Mr. Gilchrist, who, so far as we are informed, was not a party to the contract." In this case there was a present interest on which the assignment could operate—an actual, subsisting engagement for the rendition of services, at a fixed compensation ; the only uncertainty attending it was the duration of the time or period of service, and this uncertainty did not lessen its assignability. The consideration and fairness of the assignment was not impeached, and the rights of the appellee were superior to any right the creditors of the assignor could assert.

The rulings of the circuit court were in accordance with this view, and the judgment must be affirmed.

Affirmed.