[Harrison v. Louisville & Nashville Railroad Co.]

# Harrison *v.* Louisville & Nashville Railroad Co.

## *Garnishment Suit.*

1. *Assignment of wages; binding agreement between employer and assignee.*—Where an agreement is made between an employer and a merchant that, in the event any of the former's employes should, during any month while in his employment, purchase goods and provisions from the merchant, the employer would withhold from the earnings of said employes during the said month and pay to the merchant on the regular pay day the amount due for the goods so purchased and advanced, not exceeding a certain amount, provided the employe had earned the amount due the merchant, such agreement when ratified by the employes has the legal effect of an accepted order on the employer, to pay to the merchant on the regular pay day, out of the future wages to be earned by the employes, the amount of the account due the merchant for advances made during the preceding month, not exceeding the stipulated amount; and as to each of the employes who dealt with the merchant with knowledge of the agreement and acquiescence in its terms, it operated as a valid assignment each month to said merchant, of the future wages to be earned by the employes during the month, to the stipulated amount, in consideration of the advances to be made to him by the merchant.

2. *Same; same; garnishment.*—In a garnishment proceeding, where the garnishee suggests a third person as a claimant of the wages admitted to be earned by the defendant and due him from the garnishee, the claim of the third person as to such wages is sustained by proof that, prior to the service of the writ of garnishment, the garnishee had accepted an order given by the defendant while in his employment, authorizing him to pay to the claimant, out of the future wages to be earned, a sum not exceeding a certain amount, which order had been given in consideration of advances to be made to the defendant by the claimant; and, therefore, the wages due the defendant in the hands of the garnishee are not the subject of garnishment by the plaintiff in the original suit.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

[Harrison v. Louisville & Nashville Railroad Co.]

The apellant, George E. Harrison, brought suit against John Pugh, to recover an amount due upon a note. An ancillary writ of garnishment was sued out, and was served upon the Louisville & Nashville Railroad Company. In answer to the writ, the garnishee admitted an indebtedness of $4.29 to the defendant. The plaintiff instituted a contest of this answer. The facts disclosed thereon are sufficiently stated in the opinion.

Upon the hearing of the contest the court, trying the case without a jury, rendered judgment in favor of the garnishee, discharging it, and ordering that it recover the costs in the suit. From this judgment the plaintiff appeals, and assigns the rendition thereof as error.

VASSAR L. ALLEN, for appellant, cited *Gray v. Perry Hardware Co.*, 111 Ala. 532; *Ely v. Blacker*, 112 Ala. 311.

THOS. G. JONES, *contra*.—The plaintiff, under all our decisions, can not recover of the railroad company unless Pugh could maintain *indebitatus assumpsit* against the railroad company. Certainly he could not maintain any action against the railroad company, for wages which at his instance it had paid to one who furnished him supplies; and if he could not maintain an action against the company his creditor who merely succeeds to his rights can not do so either.—*Putney v. Farnham*, 27 Wis. 187; *Balliet v. Scott*, 32 Wis. 176; *Drake v. Harrison*, 69 Wis. 99. See also *Buckley v. Dunn*, 67 Miss. 710; *Pollak v. McNeil*, 100 Ala. 203.

BRICKELL, C. J.—In a contest of the answer of a garnishee, admitting an indebtedness of $4.29, it appeared from an agreed statement of facts and other testimony in the case, that at the time of the service of the writ, May 28, 1895, the defendant was in the employ of the garnishee, the Louisville & Nashville Railroad Co., as a switchman, and continued in its service until June 30, 1895, earning during that period the sum of $29.29, which was payable on the 14th of the next month. On June 30, 1895, while still in the employ of garnishee, the defendant bought from the Birmingham Mercantile Co. goods to the amount of $25, which sum garnishee withheld from the wages earned by defendant during the

above period, and paid to the Birmingham Mercantile Co. on July 14. 1895, the regular pay day for the wages thus earned. Previously to the service of the writ of garnishment the garnishee had made an arrangement with the Birmingham Mercantile Co. by which it was agreed that in the event any of the switchmen or brakemen employed by the garnishee should, during any month while in its employment, purchase goods and provisions from said company, the garnishee would withhold from the earnings of said employe during said month and pay to said company on the regular pay day the amount due for the goods so purchased, not exceeding $25 per month, provided the employe had earned that amount; which agreement, which was in force during the whole of the year 1895, and up to the time of the trial, was to continue in force until further notice from the garnishee. The defendant had knowledge of this agreement, and had ratified its terms previously to the suing out of the garnishment in this case.

With respect to those of the employes of the garnishee who ratified this agreement, its practical, as well as legal, effect was that of an order of the garnishee, accepted by it, to pay to the Mercantile Co., on the regular pay day, out of the future wages to be earned by them, the amount of the account due said company for provisions advanced during the preceding month, not exceeding $25. It would authorize the Mercantile Company to maintain an action against the garnishee for the recovery of the amount due on an account thus incurred by the employe while the agreement was in force, and would preclude any recovery by the employe, in an action of debt or *indebitatus assumpsit* against the garnishee, of the wages earned by him, except such as exceeded the sum of $25. or the amount of said account. As to each of the employes who dealt with the Mercantile Co. with knowledge of the agreement and acquiescence in its terms, it operated as an assignment each month to said company, made while in the employ of the garnishee, of the future wages to be earned by him during the month to the amount of $25 in consideration of the advances to be made to him by the assignee. Such assignment of wages to be earned in the future under an actual employment subsisting at the time of the assignment, when

[Harrison v. Louisville & Nashville Railroad Co ]

made in good faith and for a valid consideration, has universally been held to be valid, not only for the security and payment of a present indebtedness, but for such advances as the assignor may find it necessary to obtain, although his wages per month may vary and he may be liable to removal at any time.— *Wellborn v. Buck,* 114 Ala. 277 ; 2 Am. & Eng. Encyc. of Law, (2d ed.), 1031.  The good faith of the parties to the agreement in making the same, or of the defendant in ratifying it and acquiescing in its terms, or of the Mercantile Co. in furnishing the provisions to the defendant, is not impeached by any evidence in the record.  The Mercantile Co. is not shown to have had any notice of the garnishment at the time it furnished the goods, and no duty devolved upon the garnishee to give it such notice, or to discontinue the operation of the agreement as to this defendant because of the garnishment.  What would have been the effect on the quesion presented if such notice had been given, we do not now consider. Treating the agreement as, in effect, a valid assignment of the defendant's wages, the principle involved in the question presented by the appeal does not differ from that considered and determined at the last term in the case of *Wellborn v. Buck,* 114 Ala. 277, *supra,* in which it was held that, in a garnishment proceeding in which the garnishee had suggested a third person as a claimant of the wages admitted to have been earned by the defendant, the claim was sustained by proof that, prior to the service of the garnishment writ, the garnishee had accepted an order given by the defendant while in its employ, authorizing it to pay to claimant, out of the future wages to be earned, a sum not exceeding a certain amount, which order had been given in consideration of advances to be made to the defendant by the claimant.  The agreement in this case vested in the Mercantile Company the right to $25 of the wages earned by the defendant, and the lien of the garnishment, created by its service, did not, therefore, attach to any except the excess of said wages over and above that amount, and this sum having been paid into court, the garnishee was properly discharged, and judgment for the costs was properly rendered against the plaintiff.

Affirmed.