[Shackleford v. Kiser Company.]

# Shackleford v. Kiser Company.

### Statutory Trial of the Right of Property.

1. *Power of attorney assigning future interests.*—In a controversy between a garnishing creditor and a claimant of an admitted sum due by garnishee to the debtor, where the claimant bases his title upon a power of attorney from debtor to collect all claims or dues now in existence or hereafter to be created for iron ore shipped, or to be, by debtor to garnishee, it is shown that at the time this power of attorney was made there existed between the debtor and the garnishee a contract for iron ore, and that about two weeks after the expiration of this contract the parties entered into another contract of similar import, under which contract the indebtedness of the garnishee arose, and that at the time of entering into this similar contract there was no obligation on the part of the garnishee or the debtor to enter therein, the assignment made before the date of the second contract does not operate to transfer claims arising under that contract.

2 *Implied assignment.*—In a controversy between a garnishing creditor and a claimant of an admitted sum, due by garnishee to the debtor, where it is shown that the debtor has given claimant a power of attorney to collect all claims or dues then in existence or thereafter to be created for iron ore shipped or to be shipped to garnishee, that there then existed between the debtor and the garnishee a contract for ore, that about two weeks after the expiration of this contract the parties entered into another contract of similar import, under which contract the indebtedness of the garnishee arose, and that at the time of entering into this similar contract there was no obligation on the part of the garnishee or the debtor to enter therein, and there is no evidence that the garnishee ever accepted an implied request to pay to claimant the claims arising under the second contract, there is no implied assignment transferring the title to the money in the hands of the garnishee to the claimant.

APPEAL from the City Court of Anniston.
Tried before the Hon. JAMES W. LAPSLEY.

[Shackleford v. Kiser Company.]

In this case the appellee, the M. C. Kiser Company, recovered a judgment against G. C. Jones for a certain amount due it by promissory note, and then garnished money in the possession of the Sloss Iron and Steel Company as the property of Jones. The garnishee, in its answer, suggested Shackleford as a claimant, and the latter filed him claim. In the controversy between the Kiser Company, as judgment creditor, and Shackleford, as claimant, Shackleford based his claim on a power of attorney given him by the debtor Jones. At the time of the making of the power of attorney there existed a contract between the Sloss Iron and Steel Company and Jones, wherein it was provided that Jones was to sell iron ore to the company, and the company was to receive it at a stipulated price.

The power of attorney assigned to Shackleford all monies, claims, etc., then due or which would become due to him by the Sloss Iron and Steel Company for iron ore. About two weeks after this contract expired, the parties entered into another contract of similar import.

The power of attorney was created on April 26, 1900, and the second contract between Jones and the Sloss Iron and Steel Company was entered into on June 12, 1900.

The question was whether or not the power of attorney transferred to the claimant accounts, claims, etc., arising under the second contract; and if there was no expressed transfer, was there not an implied one.

Judgment was rendered for plaintiff. Claimant appeals, and assigns the rendition thereof as error.

WARD & HOUGHTON and CALDWELL & JOHNSON, for appellant.—The conduct of the parties showed that they regarded the money as belonging to claimant, and there was an implied contract to that effect.—*Wilkerson v. Roper*, 74 Ala. 140-145; *Comer v. Bankhead*, 70 Ala. 136; *Sheffield Fur Company v. Hull*, 101 Ala. 446; 2 Benj. on Sales, 858; 15 Ency. Law (2nd ed.), 1078; *Theiss v. Cromelin*, 31 Ala. 412; *Harrison v. L. & N. R. R. Co.*, 120 Ala. 48; *Montgomery v. Water Works Co.*, 77 Ala. 248; 2 Greenleaf, § 102.

The power of attorney covered the second contract. *Robinson v. Caldwell*, 11 Ala. 977; *Abraham v. Carter*, 3 Ala. 8; *Stewart v. Fry*, 3 Ala. 573; *Payne v. Mayor*, 4 Ala. 333; *Wellborn v. Buck*, 110 Ala. 277; *Floyd v. Morrow*, 26 Ala. 353; *Booker v. Jones*, 55 Ala. 267; *Patapsco v. Ballard*, 107 Ala. 710.

Claimant was entitled to sue for the money whether he had legal title or not.—Code, § 28; Wade on Attach. (2nd ed.), §§ 437, 226; 14 Ency. Law, 911; *Rushton v. Davis*, 28 So. Rep. 476; *Young v. Hawkins*, 74 Ala. 370; *Coleman v. Hatcher*, 77 Ala. 217; *Development Co. v. Short*, 101 Ala. 333.

Ross Blackman, *contra*.—A mere legal possibility cannot be assigned; the power of attorney did not operate as assignment of the accounts accruing under the second contract.—*Wellborn v. Buck*, 114 Ala. 227; *Skipper v. Stokes*, 42 Ala. 255; *Herbert v. Bronson*, 125 Mass. 475; *Daniel Twiss v. Chervis*, 2 Allen 40; *Mullhall v. Quinn*, 1 Gray 105; *Hall v. Jackson*, 37 Mass. 194.

In case of contracts implied from facts, there is no difference from express contracts, except in the evidence which establishes them. They are heard on the consent and mutual understanding of the parties as gathered from facts and circumstances.—*Keal v. Larkin*, 72 Ala. 502; *Montgomery v. Water Works*, 77 Ala. 248; *Stoudemire v. Hooper*, 81 Ala. 142; *Curry v. Shelly*, 90 Ala. 177.

TYSON, J.—This controversy is between a garnishing creditor and a claimant of an admitted sum due by garnishee to the defendant, debtor. The claimant bases his right to the money upon the stipulations contained in a power of attorney given him by the debtor constituting him the debtor's true and lawful attorney in fact coupled with the authority "to demand, receive, collect and receipt for any and all accounts, demands, claims or dues now in existence or hereafter to be created for and on account of any iron ore shipped or to be shipped by me or in the name of the Alabama Mining Company to the Sloss Iron & Steel Company," etc. *

* * to be applied to the payment of ten cents per ton commissions and current account between the parties, etc. The date of the execution of this paper is April 26, 1900. At that time, there existed between the debtor and the garnishee a contract under which the former was bound to deliver the ore mentioned in the power of attorney and the latter was obligated to receive and pay for it at a stipulated price per ton. This contract expired on the 31st day of May, 1900.

On the 12th of June, 1900, the parties entered into another contract of similar import, though containing substantially different provisions, with respect to other matters, not necessary to be pointed out. It was under the performance of the obligations of this latter contract, that the indebtedness of the garnishee arose.

It seems to be conceded, that the power of attorney, coupled with an order of the garnishee given by the debtor to the claimant, had the effect of assigning to the claimant all monies due by the garnishee under the first contract. Whether this be true or not, we need not and do not decide. The question presented by the record is, did the power of attorney transfer to claimant the ownership of the money accruing to the debtor under the second contract? It will be observed, from an examination of the dates given above, that the power of attorney was executed more than one month and a half before this contract was entered into. At that time, there was no obligation on the part of the garnishee to enter into this contract and none on the part of the debtor. There was, therefore, no subsisting engagement, under which the account or demand could arise. The money claimed by appellant depended, at the date of the alleged assignment to him, altogether upon a future engagement whether it would ever become due. Its future accrual constituted a mere possibility coupled with no interest. It certainly had no actual existence, nor could it have a potential one in the absence of some engagement out of which it was to arise. It is true the iron ore had an existence, but the power of attorney does not purport to convey any interest in it. The attempt was to assign or transfer the proceeds which might arise under a contract to be made in the future for its

sale.—*Mulhall v. Quin,* 1 Gray, 105; *Eagan v. Luby,* 133 Mass. 545; *Herbert v. Bronson,* 125 Mass. 475; *Purcell v. Mather,* 35 Ala. 570; *Skipper v. Skipper,* 42 Ala. 255. "A power of attorney, although irrevocable in terms, does not amount to an assignment when no assignable interest exists at the time."—*Mulhall v. Quin, supra.*

Having shown that no title to the money in controversy passed to claimant under the order and power of attorney, the next question is, did the title pass under an implied contract of assignment? It is insisted that it did. Without deciding whether an assignment can or may be raised by implication so as to pass the title to this money, it is a sufficient answer to the contention to say that there is no evidence that the garnishee, the debtor, ever accepted the implied request, if it ever existed and if such a request could be accepted, of its creditor to pay this money to the claimant. Until payment or acceptance, the request, if it be implied, of the creditor of the garnishee was revocable at the option of such creditor. And until acceptance, it is clear that Shackleford, the claimant, acquired no title to the money in the hands of the garnishee and could not maintain an action against it for its recovery.—*Coleman v. Hatcher,* 77 Ala. 221 and cases cited; *Hanchey v. Hurley,* 129 Ala. 306.

Affirmed.