# American Trust & Savings Bank *v.* O'Barr.

## *Assumpsit.*

(Decided November 10, 1914. Rehearing denied January 21, 1915. 67 South. 794.)

1. *Garnishment; Property Subject.*—No fund or property is subject to garnishment that the defendant debtor could not recover in an action ex contractu against the person holding the fund or property; however, a plaintiff can reach· by garnishment such property in the hands of the garnishee, when it has been fraudulently assigned and conveyed by the debtor to a third person, although, on account of such assignment, the debtor himself could not recover it from the garnishee.

2. *Same; Assignment by Debtor; Splitting Cause.*—Where the assignment of funds by a debtor in the hands of a garnishee was not entirely fraudulent and· void, the remedy of the plaintiff was to garnishee the assignee, as to the excess coming into its hands, before payment thereof to the defendant debtor; for to allow a judgment for plaintiff against the garnishee for a part of the sum assigned, and a judgment for the assignee for another part of the same fund, would be to split one cause of action into several.

[American Trust & Savings Bank v. O'Barr.]

3. *Same.*—In such a case the plaintiff could garnishee such excess in the hands of the assignee, but not as against the garnishee here attempted to be made liable.

4. *Assignment; Wages; Validity.*—The provision of Acts 1911, p. 370, does not include an assignment by a contractor of the contract price for building railways, to become due in the future.

5. *Same; Record.*—The registration statutes have no application to such an assignment, and it was valid as against creditors of the assignor without record.

6. *Same; Statute.*—Where a defendant debtor had funds in the hands of the garnishee, arising from the amount due under a contract between the defendant and the garnishee for construction work, but, before becoming indebted to plaintiff, he assigned to the claimant all sums due and payable under the contract, and the garnishee assented thereto, but, at the time of service of process, held a surplus over the amount which the assignment was made to secure, and more than sufficient to pay the debt, the mere fact that the assignment did not express that it was given as a security, in the absence of fraud or insolvency, did not make the assignment void in toto, but only to the extent of the benefit reserved to the assignor,—the excess over the amount necessary to pay the debt secured by the assignment,—the invalidity resting not upon section 4287, but upon section 4293, Code 1907.

(Brown, J., dissents.)

APPEAL from St. Clair Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

G. E. O'Barr sued one Turner in attachment, with garnishment to the Mitchell Mountain Coal & Iron Co., and the American Trust & Saving Bank, assignee of Turner, claimed the fund. There was judgment for plaintiff and the claimant appeals. Reversed and remanded.

MAX J. WINKLER and VICTOR SMITH, for appellant. The court erred in overruling claimants demurrers to plaintiff's replication.—*Mountain v. Whitman,* 103 Ala. 630; *Little v. Sterne,* 125 Ala. 609; *Warren v. Hunt,* 114 Ala. 506; *Pratt L. & I. Co. v. McClain,* 135 Ala. 452. As to what property is subject to garnishment, see the following cases: *Teague v. LeGrand,* 85 Ala. 493; *Henderson v. Alabama G. L. I. Co.,* 7 Ala. 32; *Rushton v. Davis,* 127 Ala. 288. The court erred in giving the af-

firmative charge for the plaintiff.—*Rowland v. Plenner,* 50 Ala. 182; *Supply Co. v. First Nat. Bank,* 123 Ala. 202; *Reynolds v. Excelsior Co.,* 100 Ala. 292. This case should be reversed on the authority of *Truitt v. Crook,* 129 Ala. 379.

M. M. SMITH, for appellee. The claimant did not show any right or title to the funds in the hands of the garnishee, and hence the court properly directed a verdict for the plaintiff.—172 Ala. 77; 174 Ala. 589. The assignment was void under Acts 1911, p. 370; 99 Pa. 535; 47 N. J. L. 359; 14 Md. 558; 8 Words and Phrases, 7372; § 4287, Code 1907; *Sims v. Gaines,* 64 Ala. 394. The assignment was void not only as to existing, but as to subsequent creditors as well.—*Roden v. Martin,* 128 Ala. 128; *Birmingham Dry Goods Co. v. Roden,* 110 Ala. 511; *O'Neil v. Birmingham Brewing Co.,* 101 Ala. 383. This being true, plaintiff could reach the fund by garnishment, although the debtor could not, because of fraud.

THOMAS, J.—The appellee, O'Barr, commenced suit by original attachment against one Turner, in aid of which a writ of garnishment was then sued out and served upon the Mitchell Mountain Coal & Iron Company, as garnishee, who filed answer admitting an indebtedness of $2,705.99, but suggesting the appellant, the American Trust & Savings Bank, as claimant. The latter, having been brought in by citation, propounded its claim to the fund, which was predicated upon an assignment to it of same by the defendant in attachment, Turner. The plaintiff (appellee) contested the claim on the ground that the assignment was fraudulent and void as to him; and, from a judgment in plaintiff's favor, the claimant appeals, assigning, among other alleged

errors, the action of the court in giving the general affirmative charge for plaintiff.

The evidence, without dispute, disclosed the following facts: The defendant, Turner, became indebted to the plaintiff in April, 1913, in the sum of $76.36, for the recovery of which the suit was brought on June 21, 1913. The fund ($2,705.99) in the hands of the garnishee at the time of the service of the garnishment was the balance due under a contract between defendant, Turner and the garnishee, executed on August 19, 1912, whereby Turner, for a stipulated price, payable as the work progressed, was to construct five miles of railroad for the garnishee, furnishing all necessary labor and material. The road had been completed at the time of the service of the garnishment. Shortly after the making of this contract between the defendant Turner and the garnishee, and long before said Turner became indebted to the plaintiff, he (Turner) on August 26, 1912, for a recited consideration of "one dollar and other valuable and sufficient considerations in hand paid," transferred and assigned in writing to the American Trust & Savings Bank (the claimant here) all sums then due or that might thereafter become due and payable to him under said contract with garnishee. The garnishee was notified of the assignment and had assented to the same and had made many payments under the contract to the assignee long before the issuance and service of the garnishment writ. This transfer and assignment was absolute in form; but it appears from the evidence, without dispute, that it was in reality given merely as security for an advance of money ($800) then made by said bank to said Turner, and for such future advances as it might thereafter make him—all of which, at the time of the service of the garnishment, aggregated something over $12,000. It appears, however, that the

sum ($2,705.99) in the hands of the garnishee at the time of the service of the writ, when added to what the garnishee has already paid the claimant under the assignment, will more than repay (by $135) the claimant for all advances made by it to defendant Turner.

While this excess is fully adequate to more than pay the debt (\$76.36) for which plaintiff brought his suit against defendant Turner, yet it cannot be reached under a writ of garnishment against the garnishee here, unless the said assignment of said Turner to the claimant bank is fraudulent and void in toto as against the plaintiff, for it is a general rule of law that the plaintiff cannot reach and subject to the payment of his debt by process of garnishment any funds, property, or demands that the defendant debtor could not recover in an action (ex contractu) against the garnishee; the rule being subject, however, to an exception, which is, that the plaintiff can so reach such assets in the hands of the garnishee when they have been fraudulently assigned or conveyed by the defendant debtor to a third person, although, on account of such assignment, the debtor himself could not recover them of the garnishee.—*Alexander v. Pollock,* 72 Ala. 137; *Cunningham v. Baker,* 104 Ala. 168, 16 South. 68, 53 Am. St. Rep. 27; 3 Mayf. Dig. 892.

If, therefore, the assignment in the present case is not fraudulent and void in toto as against the plaintiff, then, although the amount assigned is in excess of what is sufficient to fully pay the debt due the assignee (claimant here), the plaintiff's remedy is to garnishee the assignee and thereby reach the excess sum that will come into its hands, as a result of the assignment, before such excess is paid over to the defendant (*Henderson v. Ala. Gold Life Ins. Co.,* 72 Ala. 32), for, if the assignment is not so entirely fraudulent and void, then

to sustain the present garnishment would be to permit the plaintiff to obtain a judgment against the garnishee here for a part of the sum assigned, which would result in the splitting up of a single cause of action against the garnishee, who before the garnishment had, by accepting and assenting to the assignment, bound itself to pay the whole fund to the assignee. Hence, to hold that the plaintiff may recover a part and the assignee a part would be to hold that one cause of action may be split into several.—*Kansas City, M. & B. R. Co. v. Robertson,* 109 Ala. 298, 19 South. 432, and cases cited.

The fund assigned was not, as insisted by plaintiff's counsel, wages or salary within the contemplation of Gen. Acts 1911, p. 370, declaring void all assignments of wages or salaries to be earned in the future; but was as seen, the contract price for building five miles of railroad and was to become due in the future under an existing contract, as described, and as such had the character of assignability.—*Payne v. Mobile,* 4 Ala. 333, 37 Am. Dec. 744; *Wellborn v. Buck,* 114 Ala. 279, 21 South. 786; *Harrison v. L. & N. R. R. Co.,* 120 Ala. 42, 23 South. 790.

Nor was it necessary, as insisted, to the validity as against plaintiff of such assignment that it be recorded, since our registration statutes have no applicability to such an assignment.—*Rowland & Co. v. Plummer,* 50 Ala. 182.

There is no evidence whatever tending to show or to afford any inference that there was any actual fraud or mala fides in the transaction between defendant and claimant; hence, the only question in the case is as to whether or not there was any constructive or legal fraud that would vitiate the assignment. Section 4287 of the Code declares that: "All deeds of gift, all conveyances, transfers, and assignments, verbal or written,

of goods, chattels, or things in action, made in trust for the use of the person making the same, are void against creditors existing and subsequent, of such person."

In the construction of this section our Supreme Court have said incidentally that an assignment absolute in form of a chose in action, when intended merely as security for a debt, is, without more, void as against the creditors of the assignor, because (quoting the language of the court) "there is a reservation of a benefit to the transferror, a trust for his use" (*Truitt v. Crook,* 129 Ala. 379, 30 South. 618) ; but the court did not declare to what extent such an assignment in such a case is void, whether in toto or only to the extent of the benefit reserved to the assignor, hence we are not in conflict with that opinion, but in entire harmony with the terms of the statute, when we hold that, in the absence of actual fraud—which, if it existed, would, of course, taint and vitiate the entire transaction—such an assignment is void only to the extent of the benefit reserved to the assignor, the fund that under the assignment is to be held by the assignee in trust for the use of the assignor, which is the excess over and above the amount necessary to pay the debt secured by the assignment.—*Hayes v. Westcott,* 91 Ala. 143, 8 South. 337, 11 L. R. A. 488, 24 Am. St. Rep. 875; *Bank v. Kennedy,* 91 Ala. 470, 8 South. 652; *Ruse v. Bromberg,* 88 Ala. 619, 7 South. 384; *Caldwell v. King,* 76 Ala. 149.

This excess may, of course, at any time before it has been paid to the assignor debtor by the assignee in discharge of the trust, be reached by any creditor of the assignor, whether his debt existed at the time of the assignment or was created subsequently thereto, because such excess is and remains the property of the debtor, though held by another under an assignment in trust for the debtor's use. The law (Code, § 4287) declares

such trust void, denying to the debtor the right to lock up for his own use, by a trust, property which otherwise would be liable for his present debts, whether such debts were existing at the time or arose subsequent to the creation of the trust.—Code, § 4287; *Sandlin v. Robbins,* 62 Ala. 477. Such a trust, or any other trust created by the debtor for his own use or benefit is, under that statute, void at the option of such creditors, existing or subsequent, irrespective of whether the debtor was or is insolvent, and regardless of whether or not there was any fraudulent intent on his part or on the part of the assignee.—*Roden & Co. v. Norton,* 128 Ala. 138, 29 South. 637.

But that statute (Code, § 4287) in and of itself operates, according to its plain terms as we interpret them, no further than upon the trust, declaring, as seen, that: "All deeds of gift, all conveyances, transfers, and assignments * * * made in trust for the use of the person making the same, are void as to [his] creditors, existing and subsequent."

Therefore, if the conveyance or assignment made by the debtor, has, as here, other functions than to create a trust for the use of the debtor, then, so far as the statute cited is concerned, the conveyance or assignment will be upheld to the extent of its valid functions, and vitiated or destroyed at the instance of the assignor's creditors only to the extent of the trust thereby created for his use or benefit, unless, of course, the two features are so intimately interwoven, which is not the case here, as not to be separable in their operation and effect; but which is the case where a debtor by a conveyance, absolute in form but intended merely as security for a debt, transfers his entire stock of goods to a creditor and is permitted to remain in possession and sell the property in the ordinary course of trade for his own benefit.

In such latter case, the statute cited (Code, § 4287) vitiates the entire transaction regardless of the solvency of the debtor and regardless of fraudulent intent vel non, and makes all of the goods subject to the demands of both existing and subsequent creditors, because the trust for the debtor's use extends to every part and parcel of the goods and in every true sense they are his property.—*O'Neil v. Birmingham Brewing Co.*, 101 Ala. 383, 13 South. 576.

The last cited case (*O'Neil v. Birmingham Brewing Co.*) is one of the only three cases cited in the case of *Truitt v. Crook, supra,* in support of the general declaration there made that, under section 4287 of the Code, an assignment absolute in form of a chose in action, when intended only as security for a debt, was, without more, void. The difference between the two cases is too obvious to require further discussion.

The other two cases cited in *Truitt v. Crook* are those of *Bryant v. Hall*, 21 Ala. 264, and *Steiner v. Scholze*, 114 Ala. 88, 21 South. 428. Each of these cases held—the latter only as dicta—that such an assignment is void in toto; but the principle upon which those cases proceeded was not that as declared in section 4287, but was that as declared in that other common-law doctrine which is embodied in another section of the Code (section 4293), which provides that: "All conveyances, or assignments in writing, or otherwise, of any estate * * * in real or personal property [which has been held to include choses in action.—*Hall v. Ala. Term. Co.*, 143 Ala. 464, 39 South. 285, 2 L. R. A. (N. S.) 130, 5 Ann. Cas. 363], and every charge upon the same, made with intent to hinder, delay, or defraud creditors, * * * are void."

Under this section, where the assignor is insolvent or embarrassed at the time of the assignment and the as-

signee has knowledge of the fact, or of facts that would put him on inquiry, an assignment, absolute in form, but intended merely as a security for a debt, is, like a deed made under such circumstances as security for a debt, entirely and absolutely void as against creditors, and this irrespective of whether the assignor and assignee intended or not to "hinder, delay, or defraud" the creditors of the assignor, because the necessity effect of the transaction was to do so, and the law, therefore, conclusively presumes in such case that the parties must have intended and did intend what they must and should have known would be the inevitable consequences of their act, the "hindering, delaying, or defrauding" of such creditors, in that by the form of the paper the assignor and assignee had concealed from such creditors assets belonging to the assignor debtor which were liable to the satisfaction of their debts and which otherwise could have been reached, had concealed by the assignment, absolute in form, the fact of the assignor's equity in the property, his right to the excess of its value over and above the amount of it required to pay the debt secured, which if the assignment had on its face expressed its true character, would have been disclosed to the creditors, and could have been reached and subjected to their debts.

The invalidity of the assignment as an entirety rests, therefore, not upon section 4287 of the Code, nor upon the fact that by the assignment a benefit was reserved to the assignor, but upon section 4293 of the Code, and upon the fact that by the form of the assignment the fact of the reservation of such benefit was concealed— secretly reserved—in refusing it to the claimant. The judgment is therefore reversed.

Reversed and remanded.

ON REHEARING.

PER CURIAM.—Rehearing denied.

BROWN, J.— (dissenting).—The transfer of the chose in action from Turner, the defendant, to the American Trust & Savings Bank is absolute in form on a recited consideration of "one dollar and other valuable and sufficient consideration in hand paid." The evidence shows without dispute that the sole purpose of the transfer was to secure an indebtedness due from Turner to the bank, and for which the bank held his obligation, that the effect of the transfer was not to satisfy the indebtedness of Turner, but to secure an existing indebtedness and to secure any future advances in money that the bank might make to Turner. This brings the transfer within the very letter of section 4287 of the Code, which provides: "All deeds of gift, all conveyances, transfers, and assignments, verbal or written, of goods, chattels or things in action, made in trust for the use of the person making the same, are void against creditors existing or subsequent, of such person."— *Truitt v. Crook*, 129 Ala. 377, 30 South. 618; *Sandlin v. Robbins*, 62 Ala. 477; *Taylor v. Dwyer*, 131 Ala. 91, 32 South. 509; *Roden & Co. v. Norton & Co.*, 128 Ala. 129, 29 South. 637; *Birmingham Dry Goods Co. v. Roden & Co.*, 110 Ala. 516, 18 South. 135, 55 Am. St. Rep. 35.

The transfer is void without reference to any fraudulent intent.—*Hill v. Rutledge*, 83 Ala. 162, 4 South. 135; *Sims v. Gaines*, 64 Ala. 392; *Bryant v. Young, Hall, et al.*, 21 Ala. 264. The purpose of the statute is to compel such transfers to express the truth and to avoid secret trusts; and while no doubt a legal transfer can be made which expresses on its face a purpose to operate as a mere security for a debt, and would be valid, yet,

when it goes further and purports to be an absolute transfer when in fact it is not, it is brought within the influence of the statute, and is absolutely void as to creditors of the transferror, and as between the plaintiff, who is a creditor, although he became such subsequent to the date of the transfer, the defendant (Turner), and the Mitchell Mountain Coal & Iron Company (the garnishee) the Mitchell Mountain Coal & Iron Company was the debtor of Turner, and the funds in its hands were subject to the writ of garnishment of the plaintiff. As between Turner and the bank, of course, the transfer was valid and binding, where the right of creditors is not involved, and the bank would be entitled to collect from the Mitchell Mountain Coal & Iron Company all the indebtedness over and above an amount sufficient to satisfy the plaintiff's demand and the costs which he recovered.

In my opinion, the ruling of the circuit court, which is in accordance with the views above expressed, was correct, and the judgment of that court should have been affirmed.