# Perry v. Thompson & Co. *et al.*

*Bill in Equity to Enjoin Execution at Law and for Accounting.*

1. *Account; assignment.*—Where the holder of an open account assigns it to a third person, which assignment is recognized by the debtor, the assignor cannot maintain an action thereon: and if the debtor suffers a judgment at the suit of the assignor, this will not affect the right of the assignee to recover of him on the same claim in a suit at law, and the assignee cannot maintain a bill in equity to enjoin an enforcement of his judgment by the assignor.

APPEAL from Jefferson Chancery Court.
Heard before Hon. THOMAS COBBS.
The facts of this case are fully stated in the opinion.

CABANIS & WEAKLEY, for appellants.—The complainants have an adequate remedy at law against Ware. *Sykes v. First Nat'l Bank,* 49 N. W. Rep. 1058; *Tierman v. Johnson,* 5 Pet. 597; *Clark v. Thompson,* 2 R. I. 146; *Currier v. Hodgson,* 3 N. H. 82; *Scott v. Whitlaw,* 20 Ill. 310.

R. H. PEARSON and J. W. MARTIN, *contra.*

No brief for appellee in record.

HEAD, J.—It seems to us quite clear that the present bill is without equity. The case it makes, briefly stated, is, that the defendant, W. C. Perry, became indebted to complainants in the sum of $460, for goods sold and delivered; that one Horace Ware became indebted to said Perry, in the sum of $400, for a balance due Perry on a building contract. The goods sold by complainants to Perry consisted, in part, of building material purchased and used by him, in the construction of the building for Ware. Perry assigned said claim against Ware to the complainants in payment of his account due to them, "to the full amount then due by said Horace Ware," and complainants gave him credit therefor on his ac-

count,   This assignment was effected in the form of an order, in the following words, delivered to complainants by Perry: "Mr. Horace Ware : You will please pay to T. C. Thompson and Company the balance due me in the building of your house, for materials purchased of them in building your house.   [Signed] W. C. Perry." Upon presentation of this order to Ware, he said to complainants: "Whatever I may owe Perry, I will pay to you.   I do not know that I owe him anything."   Ware was disputing with Perry as to the amount he owed him, if anything, but, upon presentation of the order, as above stated, he agreed to pay complainants whatever sum he might be owing Perry.   As the bill states, "complainants having received said order as a payment *pro tanto* of said Perry's account with them, thereafter looked to said Horace Ware for the same, and have demanded payment thereof by him."

After all this, Perry, in his own name and behalf, instituted suit against said Ware for said balance due upon said building contract—the same he had assigned to complainants—in the Circuit Court of Jefferson county, and on the 29th day of November, 1888, recovered judgment therein, against Ware for the sum of $550, being the said balance and interest; and in February, 1890, execution issued upon the judgment and was placed in the hands of defendant, Joseph S. Smith, as the sheriff, who levied the same upon the property of Ware, and, as the bill states, "is now proceeding to collect said judgment and will collect the same, unless restrained by injunction," &c.   It is alleged that Perry is insolvent, and refuses to consent to the payment of the judgment to complainants, and that Ware refuses to pay to them because Perry is endeavoring to collect the "same fund" by execution.   Complainants aver that they were deterred and ·induced not to file and claim "the mechanics lien provided by law for the builders material which they had furnished to said Perry and which had been used by him in and about the erection and building of the dwelling house aforesaid, by reason of having received and given said Perry credit therefor, as is hereinbefore set out in this bill of complaint."   And the pleader concludes, that upon receiving said order on Ware, complainants thereby had and secured an equitable lien upon whatever sum of money should be ascertained to be due said Perry

from said Ware, and the bill again avers that said balance, so due, was the sum of $400 and interest.

Ware died *pendente lite*, and the suit was revived against John E. Ware, as his personal representative.

The prayer of the bill is for an injunction restraining Perry from further endeavoring to collect said judgment by execution or otherwise ; that Smith, as sheriff, be enjoined from further levying upon, selling under any levy he may theretofore have made upon said Ware's estate, or otherwise obtaining from said Ware, or out of his estate, in any manner, any part of said judgment, and that it be decreed that complainants are entitled to have and receive the judgment aforesaid with the interest thereon, and that Ware be required and ordered to pay over the amount of said judgment and interest in to court, and in default thereof that execution issue therefor. It prays for an account of the amount due the complainants, by reason of "said claim" and that the amount "be decreed to complainant," and for general relief.

The defendant, Perry, demurred to the bill, assigning as grounds, 1st, that the bill shows the complainants have an adequate remedy at law by suit against Horace Ware ; and, 2d, that it shows no right in the complainants to enjoin the judgment of W. C. Perry against Horace Ware. He also moved to dismiss the bill for want of equity, The chancellor overruled both, and on final hearing, on pleadings and proof, granted complainants relief.

The bill was evidently filed upon the erroneous conception, that complainants acquired by the assignment of Perry to them, merely an equitable lien on the debt assigned. The bill expresses that conclusion, yet its averments show clearly that the claim was absolutely assigned to complainants by Perry, and accepted by them, in absolute payment *pro tanto* of the amount owing them by Perry, and that they thereafter looked to Ware for payment; and this right actually known and assented to by Ware, accrued before the suit and recovery at law, of Perry against Ware. Upon truth of the facts, as averred, Perry, after the assignment, had no right, title or interest whatever in the claim assigned, and, if properly defended, no action against Ware by Perry thereon, could result in a judgment for the plaintiff. By statute, long in force in this State, such claims are

[Perry v. Thompson & Co. *et al.*]

assignable, so as to vest the assignee with the entire legal and equitable interest therein, with right to sue thereon, in his own name; and so long as he is entitled to the money due thereon, he alone can lawfully sue. It was the duty of Ware, when sued by Perry, to have protected himself, either by plea and proof that Perry had divested himself, in complainants' favor, of all right to the demand sued upon, or by some other lawful proceeding in which complainants were brought in and made bound by the adjudication, thereby securing to plaintiff protection from a double recovery. Not having done so, but having suffered a recovery against him by Perry, he could not, on account of such recovery, escape responsibility to the complainants, in any action they might have brought, at law, against him, on the same debt. The complainants, therefore, are not, in the slightest, concerned with Perry's recovery against Ware. They have no interest, whatever, in it, legal or equitable. It affords no obstacle to a recovery by them, at law, against Ware, as the absolute owner of the demand. The recovery by Perry, in his own name and for his own use, conclusively established his independent right to have Ware pay him the sum of money recovered. and, upon no account, arising out of any of the circumstances of this case, can he be enjoined from enforcing that recovery. If Ware subjected himself to a double recovery, it is because he failed to take the necessary steps to prevent it. The complainants could not be made to suffer for his dereliction. An effort similar to the present bill was made in the case of *Scott v. Whitlow*, 20 Ill. 310, which is the only case bearing any affinity to the present, to which we have been referred, and that case was determined as we determine this.

We have examined the whole case, both upon the pleadings and proofs, and are satisfied the bill cannot be amended so as to give it equity. The decree of the chancellor will be reversed and a decree here rendered dissolving the injunction and dismissing the bill.

Reversed and rendered.