# Clanton Bank *v.* Robinson.

## Assumpsit.

(Decided November 25, 1915. 70 South. 270.)

1. **Corporations; Contract; Transfer.**—The evidence examined and held not sufficient to show a written transfer of an account due a corporation to the plaintiff bank.

2. **Assignment; Account.**—An account which at that time had no potential existence, cannot be validly transferred.

3. **Mortgages; Pledge; Possession.**—To sustain the validity of a pledge possession must be delivered and retained, and this distinguishes a pledge from a chattel mortgage.

4. **Pledges; Account; Delivery.**—The mere delivery of a copied list of accounts due the alleged pledgor was not sufficient to constitute that a delivery of an account which is necessary to a valid pledge.

[Clanton Bank v. Robinson.]

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Assumpsit by the Clanton Bank against W. T. Robinson. Judgment for defendant, and plaintiff appeals. Affirmed.

Transferred from Court of Appeals under act creating said court.

MIDDLETON & REYNOLDS, for appellant. RUSHTON, WILLIAMS & CRENSHAW, for appellee.

GARDNER, J.—Suit by appellant against appellee on account. The account, if existing, was originally made by the defendant, Robinson, with the Chilton Warehouse & Manufacturing Company. The right of action on the part of the plaintiff bank rests upon its contention that said account of defendant was transferred or pledged to it as collateral security for a loan to said Chilton Warehouse & Manufacturing Company.

The defendant pleaded the general issue, payment, and the further plea that the plaintiff was not the owner of the account sued on. Upon the trial of the cause there was judgment for the defendant, the affirmative charge being given by the court in his behalf; and from this judgment this appeal is prosecuted.

(1) There does not appear to have been any transfer in writing of any such account as here sued upon. The Chilton Warehouse & Manufacturing Company was a corporation, and some of the directors testified that a resolution was adopted at a meeting on March 7, 1912, transferring all notes and accounts of said warehouse company then in hand or thereafter to be acquired during the year 1912, as collateral security for a loan to be made by the plaintiff bank. The books of said warehouse company and its minutes disclose no such resolution.

In the case of *Perry v. Thompson,* 108 Ala. 586, 18 South. 524 (the only authority cited by counsel for appellant in support of their contention), there was an assignment of the account or debt in writing, and which was recognized by the debtor. This authority therefore is of no aid to us in the present case, where no such transfer or assignment in writing appears.

(2) It further appears from the testimony of the witness Mullins, president of plaintiff bank, that at the time above referred to defendant, Robinson, had no such account with the

warehouse company, and it is nowhere made to appear that he had agreed to, or contemplated, any purchase or any transaction out of which such an account could have arisen, and it was therefore without potential existence.—*Skipper v. Stokes,* 42 Ala. 255, 94 Am. Dec. 646; *Purcell v. Mather,* 35 Ala. 570, 76 Am. Dec. 307; *Wellborn v. Buck,* 114 Ala. 277, 21 South. 786; *Shackelford v. Kiser,* 131 Ala. 224, 31 South. 77; *Spellberger v. Brandes,* 3 Ala. App. 590, 58 South. 75. No valid assignment was shown.·

(3, 4) The contention is made that plaintiff may recover upon its rights as pledgee of the account.

"The requirement that possession must be delivered and retained in order to sustain the validity of a pledge distinguishes it from a mortgage."—31 Cyc. 800.

"The delivery of possession of the goods to the pledgee may be actual, constructive, or symbolical, but it must be clear, unequivocal, complete, and effective at all times so as to give notice to third parties of the pledgee's rights. * * * A mere agreement by the debtor that the creditor shall take and hold certain property as security for his debt is insufficient."—31 Cyc. 801.

The only testimony as to any attempted delivery to the plaintiff of the debt was that of the witness J. E. Robinson, secretary of the warehouse company, to the effect that he delivered (some time in October, 1912) a list of all the notes and accounts of the warehouse company to E. A. Matthews, an officer of said company, and also cashier of plaintiff bank, which list contained the name of W. C. Robinson, defendant. This list was made out at the request of said Matthews, witness' superior in the warehouse company, and was made from a certain list of accounts which had been made by an auditor from Birmingham. No effort was made to account for the original list, no proof was offered as to the correctness of same, and no predicate was laid for the introduction of a copy. It further appears that the books and accounts of said company remained all the while under the control of the secretary and treasurer, who collected same and deposited the proceeds thereof in the bank to the credit of the company.

We are clear in the view that, under the circumstances here disclosed, the mere delivery of the copied list was insufficient

as a delivery of the account or debt, and that there was no error in the ruling of the court excluding such proof on motion of appellee.—*Am. Bank v. Fed. Bank,* 226 Pa. 483, 75 Atl. 683, 27 L. R. A. (N. S.) 866, 134 Am. St. Rep. 1071, 18 Ann. Cas. 444; *Cornwell v. Baldwin Bank,* 12 App. Div. 227, 43 N. Y. Supp. 771; 31 Cyc. 802, and note.

Neither a valid assignment of the debt or account nor a valid pledge thereof being shown, the court below was justified in giving the affirmative charge requested by the defendant.

The views above expressed dispose of the case without any consideration of the question of variance, urged by counsel for appellant, and we leave the same without comment.

The conclusion follows that the judgment of the court below should be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.