(104 So. 769)

CITY OF FLORALA et al. v. LOUISVILLE & N. R. CO. (4 Div. 204.)

(Supreme Court of Alabama. May 14, 1925. Rehearing Denied June 18, 1925.)

Injunction ⬯119—Where railroad brought suit to enjoin city from compelling removal of track, held cross-bill would not lie to require railroad to place at grade different track.

Where railroad brought suit to restrain city from enforcing ordinance which directed complainant to remove certain track, and city filed cross-bill requiring complainant to place at grade a different track, held that, under Code 1907, § 3118, providing relief against complainant by cross-bill may be had for any cause connected with or growing out of the bill, demurrer to cross-bill was properly sustained, since right of city to require by ordinance the placing of track at certain grade is legal right given by section 1269, and is separate from right, if it exists, to have track removed.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Bill for injunction by the Louisville & Nashville Railroad Company against the city of Florala and others, with cross-bill by respondents. From a decree sustaining de-

murrer to the cross-bill, respondents appeal. Affirmed.

A. Whaley, of Andalusia, and G. W. Reeves, of Florala, for appellants.

The subject-matter of the cross-bill is the same as is connected with or grows out of the original bill. It was not subject to demurrer. Code 1923, § 6550; Const. 1901, § 22; Town of New Decatur v. American T. & T. Co., 176 Ala. 492, 58 So. 613; State ex rel. Gadsden v. A. C. G. & A. R. Co., 172 Ala. 129, 55 So. 176, Ann. Cas, 1913D, 696.

Jones & Thomas, of Montgomery, W. O. Mulkey, of Geneva, and Powell & Reid, of Andalusia, for appellee.

Where the cross-bill seeks relief as to matters foreign to the original bill, it is subject to demurrer. Meyer v. Calera Land Co., 133 Ala. 557, 31 So. 938; O'Neill v. Perryman, 102 Ala. 522, 14 So. 898; Continental Ins. Co. v. Webb, 54 Ala. 688. The remedy sought by the cross-bill is legal, and the court of equity is without jurisdiction to afford it. Code 1907, § 1296; State ex rel. Gadsden v. A. C. G. & A. R. Co., 172 Ala. 125, 55 So. 176, Ann. Cas. 1913D, 696.

MILLER, J. This is a bill in equity by the Louisville & Nashville Railroad Company, a corporation, against the city of Florala, its mayor, council, and city engineer, seeking to prevent the city of Florala, by temporary and permanent injunction, from enforcing an ordinance adopted May 13, 1924, by the city, which directed the complainant to remove all its railroad tracks in Sixth street lying north of the point where the south side of said street and Fifth avenue intersect, except the track running along the west side of Sixth street. This ordinance also provided if the complainant failed to do so within ten days, then the city, through its engineer, should and would remove said tracks. The trial court granted the temporary injunction.

The defendants filed an answer in the nature of a cross-bill, by which they put in issue certain facts, not necessary to be here mentioned, alleged in the bill on which complainant claims the defendants have no right to have it remove this track, and on its failure to do so, to direct the city of Florala to have it removed. The answer is in the nature of a cross-bill, and cross-complainants seek by it to have the temporary injunction dissolved, that the railroad, complainant, be required to remove the center track hereinbefore mentioned from this street, and that complainant be required to place the west track on this street at a certain grade where it crosses Fifth avenue, according to an ordinance of the city.

Complainant demurred to the cross-bill, which demurrer was sustained by the court. The cross-complainants appeal from this decree sustaining the demurrer to the cross-bill, and it is the error assigned.

When this ordinance of May 13, 1924, was approved and adopted, the complainant had and still has two tracks in this Sixth street, running north of where Sixth street intersects with and crosses Fifth avenue. One track extends along this street near the center and the other along the west side of the street. The purpose of this ordinance was to require complainant to remove the center track, and to require complainant to regrade the bed of the west track in this street, and to re-lay its west track according to a certain pavement ordinance of the city. The bill seeks to prevent the removal of this center track by temporary and permanent injunction. The cross-bill seeks to dissolve the injunction, to require complainant to remove the center track, to require complainant to place at a grade said west track in said Fifth avenue and Sixth street, in accordance with, and as indicated by, the pavement ordinance relating to said avenue and street at this intersection.

The defendants may obtain relief against the complainant by cross-bill for any cause connected with or growing out of the bill. Section 3118, Code 1907. The cause of the cross-bill must touch, connect with, or grow out of the matters in question in the original bill. The cross-bill's cause is "regarded as auxiliary to, or as a dependency upon, the original suit, and its subject-matter is that of the original bill." Bickley v. Bickley, 136 Ala. 548, 34 So. 946; Continental Ins. Co. v. Webb, 54 Ala. 688.

If, on the hearing on the bill, answer, and proof, the bill is dismissed, the injunction will be dissolved, and the city can enforce its ordinance, and no necessity exists for defendant by a cross-bill to seek a dissolution of the injunction and a decree for the enforcement of its ordinance. The real question in the bill is whether the city has the right to remove the center track from this street. This has no connection with the question presented by the cross-bill, which is the alleged right of the city by ordinance to require complainant to grade its west track on this street according to the pavement ordinance of the city. The matters in the cross-bill do not grow out of this subject-matter of the original bill. The trial court in its decree appropriately stated:

"As far as I can now see, the settlement of the controversy set out in the original bill will also settle the right of the respondent to enforce its ordinance, and that the cross-bill here does not disclose an independent equity necessary to be enforced by separate decree of affirmative relief."

The real purpose of the cross-bill is to require the complainant "to place at grade, in said Fifth avenue and Sixth street, its said track [west track] which runs in and along said Sixth street and traverses said Fifth

avenue." This has no connection with the right claimed by the city to remove the center track, which is the only question presented in the original bill. It does not grow out of the question in the bill. It has no connection with it, does not touch it, and is not dependent on it. Meyer v. Calera Land Co., 133 Ala. 557, 31 So. 938; O'Neal v. Perryman, 102 Ala. 522, 14 So. 898, and authorities, supra.

The right of the city to require the complainant by an ordinance to place this west track at a certain grade is a right given by statute under the circumstances mentioned in the statute, and if such right exists, it is purely legal, and the city needs no decree of equity to compel complainant to comply with the ordinance. The right, if it exists, to have the center track removed, taken away from the street, by an ordinance, is separate and distinct from it. Section 1269, Code 1907; State ex rel. Gadsden v. Ala. City, G. & A. Ry. Co., 172 Ala. 125, 55 So. 176, Ann. Cas. 1913D, 696, and authorities supra.

It results that we must and do hold the demurrers of complainant to the cross-bill were properly sustained by the trial court. The decree is free from error, and is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.