(129 So. 40)

## PAYNE v. KENDALL et al.

### 8 Div. 149.

Supreme Court of Alabama.

May 29, 1930.

Rehearing Denied June 26, 1930.

Kirk & Rather, of Tuscumbia, for appellant.

Andrews, Peach & Almon, of Sheffield, for appellees.

SAYRE, J.

According to the averments of the bill filed in this cause by appellant, she lent to appellee Kendall $15,000, taking as collateral security a pledge of shares of stock in two corporations. Complainant by her bill shows to the court that the stock in the two corporations, all of it, was paid for in the organization of the two corporations by the defendant Kendall and by J. C. and Thurmond Harris, all of whom, along with the two corporations, the Muscle Shoals Portland Cement Company and the Fordson Land Corporation, are made parties defendant, by the conveyance to said corporations of equitable interests in land at a valuation "made by respondents knowingly, wilfully and with the fraudulent intent of issuing" stock to the individual defendants named "in violation of the Constitution and laws of Alabama," some of which stock was pledged to complainant by Kendall as security for the repayment of the money borrowed. It is averred that Kendall is insolvent. The prayer is for a

decree against the Harris stockholders as for the difference—or so much thereof as may be necessary to reimburse complainant—for the difference between the face value of their stock and the true value of the land paid for it; or, in the alternative, for a decree dissolving the corporations and for a receiver who will collect subscriptions for stock, unpaid according to the theory of the first alternative prayer, and out of them satisfy complainant's claim. No collusion to injure complainant is charged.

The pledge did not vest title to the stock in complainant. She has a lien, a special property; if the pledge is not redeemed, it is still a pledge. Thompson on Corps. (3d Ed.) pp. 110, 113; American Pig Iron Storage Warrant Co. v. German, 126 Ala. 194, 28 So. 603, 85 Am. St. Rep. 21. Complainant is neither stockholder nor creditor of the defendant corporations. She is a creditor of the individual stockholder holding in pledge his stock which, it may be conceded, was fraudulently issued; that is, its issue was a fraud upon the law. It is not perceived how the processes of justice would require the court to render a decree making the Harrises liable for the debt of their co-stockholder on account of a transaction, in which, so far as the bill shows, they had no part. Nor is it perceived how the general scheme of fraud alleged in the organization of the two corporations can be made to inure to the benefit of complainant who afterwards accepted shares of their stock in pledge to secure a debt then negotiated with one of the stockholders to the extent that the court will condemn to its payment the property of others than the debtor. A dissolution of the corporations could be of no avail to complainant, unless indeed the property of others be condemned to the payment of defendant's debt, and that, we apprehend, will not be ordered by a court of law or equity. Defendant Kendall will be held answerable to the full extent of his real interest in the stock pledge and any property held otherwise that can be reached by due process of law, but that is not the proposition of appellant's bill. The pledgee of stock has a lien. 6 Thompson on Corps. 110; Noles v. Marable, 50 Ala. 366; American Pig Iron Storage Warrant Co. v. German, 126 Ala. 194, 28 So. 603, 85 Am. St. Rep. 21. A pledge does not vest title in the pledgee—he has a special property; but, if not redeemed, the pledge is still a pledge. 6 Thompson, 113; National Commercial Bank v. McDonnell, 92 Ala. 387, 9 So. 149.

The decree sustaining the demurrer is affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.