148 So. 621

### SMITH v. MAYA CORPORATION.
#### 8 Div. 437.

Supreme Court of Alabama.
May 18, 1933.

Street & Bradford, of Guntersville, for appellant.

bill as amended relate to certain lands therein described and the title thereto, the ownership of stock in the Maya Corporation, and the consideration provided for in the contract of January 1, 1926, upon which complainant relies; and complainant seeks an accounting of the Maya Corporation along with other defendants.

But the Maya Corporation denies that any such contract as set up in the bill ever existed, insisting that it is spurious, and that the rights and equities of the parties in and to the subject-matter above briefly outlined, are to be determined upon terms of a certain contract entered into between complainant and defendant Maya on or about March 24, 1926, and that as to this latter contract it is entitled to rescission on account of complainant's false representations, as well as his breach of its provisions. And affirmative relief to this end is sought, and it is also prayed that the contract upon which complainant relies be declared spurious and, as such, be cancelled and annulled.

■■ Complainant insists that the matter of the cross-bill is not connected with or does not grow out of the original bill (section 6550, Code 1923) for the reason that cross-complainant relies upon a contract entirely distinct from that set up in the original bill. But, as above noted, the subject-matter of the two is substantially the same, and it is the rule of our cases, in harmony with the cited statute, that "a cross-bill is proper and allowable whenever it is necessary to do complete justice between the parties, and to adjust all the equities between them connected with the subject-matter of the original bill new issues in relation to the original matter may be brought forward. As against the plaintiff in the original bill, it is not always necessary that the cross-bill should show any ground of equity or ask equitable relief." Ashe-Carson v. Bonifay, 147 Ala. 376, 41 So. 816, 817.

This rule is also in harmony with the theory that equity abhors a multiplicity of suits, and with the well-known maxim that, "Equity delights to do justice, and that not by halves." 21 Corpus Juris, 198; Bullard, Shoals Mining Co. v. Spencer, 208 Ala. 663, 95 So. 1. And it is rested upon the same theory that equity, having acquired jurisdiction over the subject-matter, will grant full relief and settle the litigation, although it may involve the adjudication of mere legal questions, without remitting the parties to a court of law for the adjustment of legal rights which are consequential or incidental. Converse Bridge Co. v. Geneva County, 168 Ala. 432, 53 So. 196; Burns v. Lenoir, 220 Ala. 422, 125 So. 661; Lowery v. May, 213 Ala. 66, 104 So. 5.

■ The mere fact, therefore, that cross-complainant denies the existence of complainant's contract and insists upon another,

Cabaniss & Johnston and K. E. Cooper, all of Birmingham, for appellee.

GARDNER, Justice.

The sole question here presented relates to the action of the chancellor in overruling complainant's demurrer to the cross-bill of the defendant Maya Corporation. The equities sought to be established by the original

does not affect the equity of the cross-bill which relates to the same subject-matter between the same parties.

The authorities relied upon by complainant (among them, O'Neill v. Perryman, 102 Ala. 522, 14 So. 898; Grimball v. Patton, 70 Ala. 627; Dill v. Shahan, 25 Ala. 694, 60 Am. Dec. 540; Florala v. L. & N. R. Co., 213 Ala. 342, 104 So. 769) hold nothing to the contrary.

For the sake of brevity we have omitted detailing the averments of the pleadings, salient features of which appear in the report of the case; but their due consideration in consultation is fully persuasive that the subject-matter of the original bill and that of the cross-bill are closely connected and interwoven, and that an adjudication upon the averments of each is essential for complete justice between the parties, and that the claimed contracts are but means to an end.

As to the contract of March, 1926, which cross-complainant insists was the contract entered into between it and complainant, we think no argument is needed to demonstrate that the averments of the cross-bill are sufficient upon which to rest a rescission thereof both for false representations and violation of its provisions on complainant's part.

But it is urged that no such remedy is available because there is no sufficient offer to do equity and restore the status quo. Clearly, the language of the cross-bill in this respect meets all requirements, as it shows cross-complainant is in position to and does offer to do equity by restoring complainant full consideration received from him. True the title to the realty had been vested in the Cherokee Mining Company. But this company, which is made a party defendant to the cross-bill, is shown to be entirely owned by the Maya Corporation, and the cross-bill expressly avers that such offer extends to and includes said company, and the mere fact that the Cherokee Company was not a party cross-complainant, and therefore does not itself make the offer, does not affect the sufficiency of the offer made. Both corporations are before the court in the same cross-proceeding. The Maya Corporation is in fact the equitable owner of the property of the Cherokee Company, and with control thereof (Camp v. Gress, 250 U. S. 308, 39 S. Ct. 478, 63 L. Ed. 997; Tanana Trading Co. v. North Amer. Trading & Trans. Co. [C. C. A.] 220 F. 783), and there can be no practical difficulty in the way of a court of equity requiring that such offer to do equity be effectuated as a condition precedent to any relief that may be granted and thus fully protecting complainant's rights. Jenkins v. Harrison, 66 Ala. 345; Mancill v. Thomas, 216 Ala. 623, 114 So. 223.

These observations are also applicable to the argument the offer is insufficient for the reason the cross-bill shows that although all the stock of the Cherokee Company is owned by the Maya Corporation, yet it has been pledged for moneys borrowed. Such pledge did not vest title in the pledgee (American Pig Iron, etc., Co. v. German, 126 Ala. 194, 28 So. 603, 85 Am. St. Rep. 21; Payne v. Kendall, 221 Ala. 478, 129 So. 40), and the cross-bill expressly avers that the Maya Corporation is in position to and offers to do equity by returning to complainant the full consideration received "free from liens, claims, encumbrances, or charges, made or suffered by Maya, and by executing or causing to be executed and delivered all such instruments, paying such sums and doing all such other acts and things as may be deemed equitable and proper by this court."

While the Maya Corporation caused the title to the lands to be vested in the Cherokee Company, yet the reasons given therefor were protection against claims and suits being instigated by complainant against the companies holding the title to the end they may not be so involved. There was no sale to any purchaser and no implied acceptance of the title, and the lands were not put beyond control of the Maya Corporation. The transaction did not adversely affect complainant's rights, and it is clear that elements of estoppel are lacking in the averments of the cross-bill.

As to the contract of January 1, 1926, upon which complainant relies, it is argued that the cross-bill is subject to demurrer for that it seeks the cancellation of said contract, to which cross-complainant was not a party, but which was signed by Cullinan. Answering this contention upon the merits, it may be said the contract discloses the contemplated organization of cross-complainant corporation, and the bill shows complainant seeks an accounting against the Maya Corporation for matters growing out of the alleged contract. The cross-bill shows that at the instigation of complainant several claims or demands therein enumerated have been made on Maya, based on said alleged contract of January 1, 1926, and on the "alleged assumption of or liability for carrying out said alleged contract by cross-complainant."

It thus appears that Maya Corporation is sought to be held accountable both to complainant as well as others at his instigation for matters arising out of the contract upon which complainant relies, and which Maya insists is spurious. Being subjected to claims and demands arising therefrom, we see no just reason against the prayer for its cancellation so far as affecting its rights, and to the end that the claims and suits advanced against it may be invalidated.

Moreover, in any event, the prayer for such relief would not render the cross-bill subject to demurrer. We have concluded the cross-bill has equity as one seeking rescission

of the contract of March 24, 1926, and it is the rule of our decisions that a bill stating equities and praying for proper relief is not demurrable for the reason that a prayer for further but unwarranted relief is conjoined. Wilks v. Wilks, 176 Ala. 151, 57 So. 776.

The demurrer to the cross-bill was properly overruled. Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.