192 So. 421

**WOOD v. WILLIAMS, Superintendent of Banks.**

**6 Div. 567.**

Supreme Court of Alabama.

Dec. 7, 1939.

Basil A. Wood, of Birmingham, pro se.

582

Murphy, Hanna & Woodall and L. B. Davis, all of Birmingham, for appellee.

BROWN, Justice.

 The contention of appellant that the amendment to the complaint worked an entire change of the party plaintiff is without merit. The Superintendent of Banks in the exercise of his office in the liquidation of a bank is, as a matter of law, statutory receiver and trustee of the assets of the bank, and the addition of the word "trustee" as designating the character in which the plaintiff sues did not change in substance the averment of the original complaint. Ex parte Tennessee Valley Bank, 231 Ala. 545, 166 So. 1; McDavid v. Bank of Bay Minette et al., 193 Ala. 341, 69 So. 452.

Assuming that the complaint, as amended, described a note different from the one sued on in the original complaint, it was an issue of fact for the court, the trial being before the court without a jury, to determine whether or not in bringing the suit plaintiff intended to sue on the note last described. Code 1923, § 9513; Pearson v. City of Birmingham, 210 Ala. 296, 97 So. 916. And in as much as the note is not set out in the bill of exceptions, and the bill of exceptions does not purport to set out all the evidence, it will be assumed that evidence was offered which

supports the conclusion and judgment of the trial court. Sandlin et al. v. Kennedy Stave & Cooperage Co., 165 Ala. 577, 51 So. 622; City Cleaning Co. v. Birmingham Waterworks Co., 204 Ala. 51, 85 So. 291; Sovereign Camp, W. O. W., v. Turner, ante, p. 436, 191 So. 473.

Section 6306 of the Code 1923, provides that: "Upon taking possession of any of the property and business of any bank or individual banker, the superintendent may collect moneys due to such corporation or individual banker *and do such other acts as are necessary to conserve its assets and business,* and shall proceed to liquidate the affairs thereof as hereinafter provided. The superintendent shall collect all debts due and claims belonging to the bank." [Italics supplied.] This statute has been construed to authorize the superintendent of banks to sue in his own name on obligations due to the bank, and this is so regardless of section 5699 of the Code which provides, generally, that suits on promissory notes, bonds, or other contracts, with certain exceptions, must be prosecuted in the name of the beneficial owner. Slaughter et al. v. Green, Superintendent of Banks, 205 Ala. 250, 87 So. 358; Montgomery Bank & Trust Co. v. Walker, 181 Ala. 368, 61 So. 951, 954. We note that the third head-note in the last cited case does not follow the opinion of the court; the pertinent statement of the opinion is: "We * * * think that the superintendent has the authority, under the terms of the act, to maintain this bill or to bring suit for the recovery of the assets of the bank. The act not only authorizes the superintendent to collect all debts due and claims belonging to the bank, but 'to do such acts as are necessary to conserve its assets and business.'" See, also, Montgomery, Superintendent of Banks, v. Ford et al., 227 Ala. 249, 149 So. 679.

Plaintiff's replication two is limited to the defendant's pleas 4 and 6, which, in short, aver that the note sued on was at the commencement of the suit held by the Reconstruction Finance Corporation, as a pledge to secure a loan to the plaintiff as superintendent of banks, to aid in the administration of the trust then being administered, and therefore the plaintiff was not the owner of the debt sued on.

Said replication set up a re-assignment of the note in suit, with other securities, by the R. F. C. to the plaintiff before the suit was commenced, "including all rights and equities growing out of same, in trust, nevertheless, for the following uses and purposes, and subject to the following conditions," generally for the purpose of collection and application of the proceeds to the payment of the loan to the R. F. C.

The appellant's insistence is that this was a departure in pleading, from the complaint which alleges that the note sued on was indorsed "in blank by the payee," the Southern Bank and Trust Company. We are not of opinion that the point is well taken; the note described in the complaint and the non-payment thereof, represents the cause of action declared on. The clear purpose of the replication is merely to more specifically state the source of title and re-affirm the plaintiff's right to sue on the note and collect the money due thereon. This is within the rules of good pleading. Herring, Farrell & Sherman v. Skaggs, 73 Ala. 446, 453; Holczstein et al. v. Bessemer Trust & Savings Bank, 223 Ala. 271, 136 So. 409.

The effect of a contract of pledge is to leave the general property in the pledgor and invest the pledgee with a lien— a special property in the subject of the pledge. 21 R. C. L. 649, §§ 15, 16. The re-assignment by the R. F. C. to the plaintiff restored his full right to sue.

The foregoing is sufficient to indicate that defendant's plea 10 was subject to the objections stated in the demurrer which was properly sustained.

The other questions argued, if raised at all, arise out of the question of the sufficiency of the evidence to justify the rulings of the court, and as we have stated, although the bill of exceptions shows that the note was offered in evidence, neither the note nor the endorsements thereon appear in the bill of exceptions, nor does the bill of exceptions purport to set out all the evidence. Therefore, the presumption will be indulged here that sufficient evidence was offered to justify the ruling and judgment of the court.

Affirmed.

THOMAS, BOULDIN, and FOSTER, JJ., concur.