**T. A. GASKIN LUMBER COMPANY**

v.

**AIRLINE LUMBER COMPANY, Inc.**

**COLUMBUS LUMBER COMPANY**

v.

**AIRLINE LUMBER COMPANY, Inc.**

Civ. Nos. 4019, 4040.

United States District Court,
E. D. Louisiana, New Orleans Division.

Nov. 30, 1953.

S. Paul Weiss, Jr., New Orleans, La.,
for plaintiffs.

Alvin J. Liska, New Orleans, La., for
defendants.

**462**

Stoulig & Rogyom, Edward J. Stoulig, Kenner, La., for Joseph P. Morgan.

G. Harrison Scott, Asst. U. S. Atty., New Orleans, for United States Marshal.

WRIGHT, District Judge.

This is an action by the third opponent to have the pledge of a chattel mortgage note and a series of purported pledges of lumber, executed by the defendant in favor of the third opponent, recognized over the claim of the plaintiff judgment creditor for the proceeds of the sale of property by virtue of a writ of fieri facias issued herein. The issues of fact and law having come on to be heard on the pleadings and proofs of the parties and due deliberation having been had, the court now makes the following findings of fact and conclusions of law.

### Findings of Fact

1. The third opponent is the holder of a chattel mortgage note executed by the defendant, which note has been pledged to him by one Henry Raziano as additional security on his personal indebtedness to the third opponent in the sum of $178,509.11. The chattel mortgage note was delivered to the third opponent on August 13, 1953 and has since that time remained in his actual physical possession. The chattel mortgage note has never been paid and the personal indebtedness of Henry Raziano, for which it was pledged as additional security, has never been satisfied.

2. The third opponent is also the holder for valuable consideration of a series of notes dated from December 6, 1952 to June 20, 1953, executed by the defendant in his favor, attached to which notes are statements itemizing the grade, quantity and species of certain lumber intended as security for the notes.

3. The lumber in question, however, was never delivered to third opponent or to any third party on instruction of third opponent. The lumber has remained on the premises leased by the defendant from Henry Raziano.

4. Seizure of the property in question under the writ of fieri facias was made after the delivery to third opponent of the chattel mortgage note and the other notes sought to be secured by the lumber.

### Conclusions of Law

1. This court, having jurisdiction over the principal claim of the plaintiff herein, has ancillary jurisdiction over the third opposition.

2. A negotiable chattel mortgage note may be the subject of a pledge by mere delivery to the pledgee to secure a debt then existing or thereafter arising. Since the chattel mortgage note here in question was actually delivered to third opponent, there was a valid pledge of said note to third opponent. Consequently, the third opponent must be paid by preference and priority over the plaintiff judgment creditor from the sale of the property covered by said chattel mortgage.

3. It is essential to the contract of pledge that the creditor be put in possession of the thing given him in pledge, unless he has possession of it already by some other right. Article 3152, Louisiana Statutes Annotated–Civil Code.

4. One claiming the privilege afforded a pledgee may be put in possession of the pledged property through a third person agreed on by the parties. Article 3162, Louisiana Statutes Annotated–Civil Code.

5. The object of the law is that, by the possession of the pledgee, third persons dealing with the pledgor should be informed and warned that they cannot look to the thing pledged as being any longer part of the active assets of the pledgor. That possession must, therefore, be ostensible, not ambiguous, and must receive a certain publicity or notoriety. Denis on Contracts of Pledge, Sec. 122, p. 109.

6. The possession of the alleged pledgee should be real and effective at all times. It must be apparent and well known. This possession should not be equivocal and so placed as to deceive

other creditors and lead them to believe that the debtor always remained the possessor. Citizens' Bank of Louisiana v. Janin, 46 La.Ann. 995, 15 So. 471. Hence, no pledge is accomplished by the debtor executing his note in favor of the creditor, attaching a list of lumber thereto and not delivering the lumber to the creditor. Succession of Lanaux, 46 La. Ann. 1036, 15 So. 708, 25 L.R.A. 577.

7. Since the defendant maintained possession of the lumber sought to be made security for the notes in question by allowing the lumber to remain on the property leased by it from Henry Raziano, there was no valid pledge of the lumber to third opponent.

Judgment accordingly.