TORBERT, Chief Justice.
On January 11, 1977, Warrior Acres, Inc., filed an action of interpleader in the Circuit Court of Tuscaloosa County, naming the petitioner, Billy Blakeney, and the respondent, Annie Ross Dee, as defendants. Both the petitioner and the respondent claimed the funds paid into court by Warrior Acres. The dispute was submitted to the court on certain stipulated facts. The trial judge found that the respondent, Annie Ross Dee, was entitled to the funds. The Court of Civil Appeals, 363 So.2d 310 affirmed.
The funds awarded to the respondent were proceeds of a note executed by Warri- or Acres payable to Marion Weston. According to the stipulations of facts, on September 19,1966, Weston pledged the Warri- or Acres note to Velma Blakeney to secure the payment of a note Weston executed to Mrs. Blakeney. Weston delivered both the Warrior Acres note and his note payable to Velma Blakeney to Mrs. Blakeney at the same time on September 19, 1966. Mrs. Blakeney retained possession of the Warrier Acres note to Weston and the Weston note to her until November 23, 1976, when she transferred both notes to the petitioner, Billy Blakeney. The petitioner retained possession of both notes until the trial of this cause. The pledge of the Warrior Acres note to Mrs. Blakeney was never recorded.
The respondent, Annie Ross Dee, recovered a judgment against Weston in 1969. She then filed a garnishment against Warrior Acres in January, 1977, to obtain the funds due on the Warrior Acres note payable to Weston. The action of interpleader followed:
We find initially, as did the Court of Appeals, that the Alabama Uniform Commercial Code, which became effective after December 31, 1966, [see section 7-10-101, Code 1975], does not apply to the transactions involved in the instant case. The controlling events are the execution of the Warrior Acres note to Weston and Weston’s subsequent pledge of this note to Mrs. Blakeney as security for Weston’s personal note, both of which occurred prior to the UCC’s effective date. Therefore, section 7-10-102(2), Code 1975, requires that pre-UCC law govern in this case.
*315 The Court of Civil Appeals held that the pre-UCC rule governing such transactions is found in Title 47, section 123, Code of Alabama 1940 (repealed when the UCC became effective), which provides that conveyances of personal property to secure debts must be recorded in order for them to be operative against creditors and purchasers without notice. The appellate court found that, because the transfer from Weston to Mrs. Blakeney was never recorded, Mrs. Blake-ney’s security interest in the Warrier Acres note was not properly perfected and that the respondent was entitled to the proceeds of the note as a creditor without notice. We cannot agree and therefore reverse the decision of the Court of Civil Appeals.
Initially we observe that the 1966 transaction between Weston and Mrs. Blakeney, in which Mrs. Blakeney took possession of the Warrior Acres note, involved a pledge[1] of a negotiable instrument.
“A pledge is a kind of bailment and security. It is a contract for the delivery of personal property by the pledgor to the pledgee, to be retained by the pledgee as security for the performance of an obligation due him from the pledgor. The legal title remains in the pledgor. Only possession passes to the pledgee who has a special interest in the property pledged until the obligation secured by it is satisfied. Minge v. Clark, 193 Ala. 447, 69 So. 421 (1915). For the relationship of pledgor and pledgee to exist, possession of the personal property must be delivered to the pledgee as security for the performance of an obligation by the pled-gor due him. Lauderdale County Co-op., Inc. v. Lansdell, 260 Ala. 452, 71 So.2d 70 (1954). Delivery of the property may be made symbolically by the delivery of a warehouse receipt as delivery of the property, or by delivery of a note as the delivery of a debt represented by the note. Lauderdale County Co-op., Inc., supra. But as this court stated in Clanton Bank v. Robinson, 195 Ala. 194, 70 So. 270 (1915), the delivery of possession of the goods to the pledgee may be actual, constructive, or symbolical, but it must be clear, unequivocal, complete, and effective at all times so as to give notice to third parties of the pledgee’s rights.”
Bailes v. First National Bank of Mobile, 291 Ala. 385, 388-89, 281 So.2d 632, 635-36 (1973).
Stated somewhat differently, in cases involving a pledge, legal title to the property pledged remains in the pledgor, while the pledgee obtains a lien or special interest in the property. Lauderdale County Co-op., Inc. v. Lansdell, 260 Ala. 452, 71 So.2d 70 (1954); Wood v. Williams, 238 Ala. 580, 192 So. 421 (1939); Payne v. Kendall, 221 Ala. 478, 129 So. 40 (1930). On the other hand, a mortgage or conveyance of personal property to secure debts usually contemplates the transfer of legal title while possession of the property remains in the mortgagor. Since the pledgee acquires this special interest in the property itself, he acquires a superior right to the property and therefore its proceeds as against all subsequent creditors of the pledgor. Nobles v. Christian & Craft Grocery Co., 113 Ala. 220, 20 So. 961 (1896).
“The pledgee . . . has a special property in the thing pledged, and is entitled to the possession of it until the obligation secured is satisfied; he is entitled to this against the pledgor and the world, and may maintain appropriate actions for the protection of his possession and his security, of course according to the contract of the pledgee.”
Minge v. Clark, 193 Ala. 447, 453, 69 So. 421, 423 (1915). See also Stevan v. Union Trust Co. of the District of Columbia, 115 U.S.App.D.C. 36, 316 F.2d 687 (1963); T. A. Gaskin Lumber Co. v. Airline Lumber Co., 127 F.Supp. 461 (E.D.La.1953).
Applying these general principles to the present appeal, we find that the written transfer of the Warrior Acres note to Mrs. Blakeney together with delivery of possession of the note constituted a pledge by Weston of a negotiable instrument as security for the payment of Weston’s per *316 sonal note due Mrs. Blakeney. By obtaining a valid pledge, Mrs. Blakeney acquired a special interest in the Warrior Acres note and its proceeds, which interest is superior to that of the respondent as a subsequent judgment creditor. This interest was then transferred to the petitioner, Billy Blake-ney, by the 1976 transaction in which Mrs. Blakeney assigned and transferred possession of Weston’s personal note and the Warrior Acres note to the petitioner. As a general rule, the transfer or assignment of the debt passes the rights of the pledgee in the pledged property to the transferee or assignee. First Nat. Bank of Gadsden v. Murphree, 218 Ala. 221, 118 So. 404 (1928); Folmar v. Beall, 204 Ala. 298, 85 So. 540 (1920); Folmar v. Lehman-Durr Co., 147 Ala. 472, 41 So. 750 (1906).
We finally note that Title 47, section 123 is inapplicable to this case. That statute provides relief only to creditors who deal with a debtor without notice of a prior conveyance of the debtor’s personal property to secure his debt. Mrs. Blakeney had possession of the pledged Warrier Acres note when the respondent obtained her judgment. Possession of pledged property by the pledgee is sufficient notice to the public of a pledge interest. American Pig Iron Storage Warrant Co. v. German, 126 Ala. 194, 28 So. 603 (1900). Therefore, the respondent did not qualify as a “creditor without notice” for purposes of Title 47, section 123.
Accordingly, the decision of the Court of Civil Appeals is reversed and the cause remanded to that court.
REVERSED AND REMANDED.
BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.

. The written instrument actually characterizes the transaction as a “pledge.