[Canterbury & Gilder v. Marengo Abstract Co.]

# Canterbury & Gilder *v.* Marengo Abstract Co.

## *Garnishment.*

(Decided April 21, 1910.   52 South. 388.)

1. *Judgment; Lien; Property Affected.*—Construing sections 4157 and 4091. Code 1907, it is held that one holding a judgment which is recorded, does not acquire a lien by such recorded judgment upon another judgment since such judgment is in the nature of choses in action within section 4091, Code 1907.

2. *Garnishment; Property Subject to.*—A garnishment is subordinate to all pre-existing equitable assignments, and hence, where an assignment of a judgment, based on a valuable consideration was made 17 days prior to the levy of execution by the sheriff under the judgment and a like period before service of garnishment on the sheriff, the lien of the garnishment was subordinate to the assignment.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

The Marengo Abstract Company procured garnishment in aid of suit to be served on the sheriff who had in his hands money collected for one Small on an execution on a judgment secured by Small against another.  Canterbury & Gilder, interposed without objection a claim to the money under an assignment of the judgment.  There was judgment for the garnishor plaintiff and claimants appeal.  Reversed and remanded.

I. CANTERBURY, for appellant.—The claimants were entitled to a judgment under their assignment of the judgment.—Section 4091, and 3011, Code 1907.

ABRAHAM & TAYLOR, for appellee.—Appellee had a lien on the money by virtue of their recorded judgment.—Section 4157, and 4091 Code 1907.—*Kirkpat-*

*rick & Co. v. Boyd,* 90 Ala. 449. The money was subject to levy under execution in favor of the plaintiff.— *Exchange Nat. Bank v. Stewart,* 158 Ala. 218; *Hall & . Farley v. Ala. C. & I. Co.,* 143 Ala. 481. Appellants had no attorney's lien upon this money in the hands of the sheriff under section 3011, Code 1907.—*Folmar v. Copeland,* 57 Ala. 588; Sec. 4829, Code 1907; *Warren v. Liddtell,* 110 Ala. 232; *Ivey v. Coston,* 134 Ala. 259; *Bennett v. McKee,* 144 Ala. 601.

McCLELLAN, J.—G. E. Small secured, in 1904, a judgment in a justice's court against Tim and Susie Fritz. Levy of execution having been made on property as that of the defendants in execution, Ballew interposed a claim thereto. This claim suit was decided in favor of the plaintiff in execution. Ballew's effort to review that judgment, both by appeal and certiorari, respectively, failed in the circuit court of Marengo. Ballew's claim bond was forfeited, and execution was thereupon issued against him and his sureties. On November 19, 1908, the sheriff collected under that execution the sum of $73.04. On that day the appellee caused to be issued and served a writ of garnishment, running to the sheriff, in aid of a judgment rendered in the circuit court of Marengo, and seasonably recorded by appellee in the year 1904, for the sum of upwards of $200, against G. E. Small. Without objection, Canterbury & Gilder, attorneys, interposed as claimants of said sum so shown by the sheriff's answer to appellee's writ of garnishment to be in the custody of the sheriff. The ground of their claim was stated to be an assignment, by G. E. Small to Canterbury & Gilder, on November 2, 1908, of his interest in the "judgment which he had recovered against Tim Fritz et al., R. C. Ballew, claimant," and that the money in the hands of

the garnishee was proceeds arising from an enforce-ment of an execution by the sheriff in that proceeding.

The agreed statement of facts on which the trial—contest between appellee and appellants for the sum referred to—was had confirms the facts we have stated. But the agreed statement goes further, and upon it appellants assert a claim of a lien, under Code 1907, § 3011, for services to Small as attorneys in the pro-ceedings wherefrom the sum on controversy was deriv- · ed. The recordation of the appellee's judgment, ren-dered by the circuit court against G. E. Small, did not avail to subject Small's judgment against the Fritzes or Ballew to the statutory lien created by the recordation of such judgment in the probate office, for the reason that that lien is imposed only upon such prop-erty as was subject "to levy and sale under execution."—Code 1907, § 4157. Small's judicially declared rights against the Fritzes, or Ballew, were in nature "things in action" merely.—Code, § 4091; *Tiffany v. Stewart,* 60 Iowa, 207, 14 N. W. 241; *Gardner v. M. & N. R. R. Co.,* 102 Ala. 635, 642, 15 South. 271, 48 Am. St. Rep. 84; *Henderson v. Hall & Farley,* 134 Ala. 455, 32 South. 840, 63 L. R. A. 673; 2 Words and Phrases, p. 1144 et seq. Accordingly appellee can take nothing, in this in-stance, as the result of the lien asserted to have been created by the recordation of the judgment in its favor against Small.

This ruling remits the appellee to its right to this money to the garnishment proceeding. The service of the writ was effected on November 19, 1908. The an-swer was filed July 19, 1909. The assignment to Can-terbury & Gilder, based upon valuable consideration, was made on November 2, 1908, 17 days prior to the collection by the sheriff of the money on Small's execu-tion from the justice's court, and the like period ante-

rior to the service of the writ of garnishment. The inquiry then is: Must the rights, equitable only, let it be granted for the occasion, created by the assignment, be postponed to the satisfaction of the asserted lien of the garnishment? We cannot improve upon the full response to the stated question to be found in 1 Freem. on Ex. p. 859, § 170: "By the common law the assignment of choses in action was not recognized, though the assignee was generally permitted to make the assignment productive by conducting an action in the name of the assignor. But, even under the systems of jurisprudence in which an assignment is not recognized at law, it is enforced against a garnishment. In other words, whether an assignment is recognized at law or not, a garnishment is subordinate to all pre-existing equitable assignments. It is not essential that the assignment should be perfect at law. It is sufficient if it is a good equitable assignment; and it is a good equitable assignment whenever, by its terms, the person to whom the obligation is due authorizes the payment thereof to another, either for his own use, or for that of some other person, or authorizes any one to receive or hold the moneys and to apply them to any specific purpose other than for the use or benefit of the assignor."—1 Freem. on Ex. § 170. Investigation of the numerous decisions noted to the cited section discloses their support of the text. This court, in *Wellborn v. Buck,* 114 Ala. 277, 21 South. 786, and in *Harrison v. L. & N. R. R. Co.,* 120 Ala. 42, 23 South. 790, recognized and applied a principle within the declaration of the quoted text.

There is nothing in this record to impeach, or so tending, the bona fides of the assignment by Small to appellants. That assignment expressly covered the source from which the sum in question came. The view

[Speakman v. Vest.]

prevailing below enforced appellee's right to the sum involved as superior to that of appellants. The converse, we hold, should have prevailed.

Accordingly the judgment must be reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and SAYRE, JJ., concur.