## DEAN et al. v. GILL. (No. 3675.)

Court of Civil Appeals of Texas. Texarkana. June 12, 1929.

Rehearing Denied June 20, 1929.

Reese D. Wade, H. M. Wade, and Carl G. Miller, all of Rockwall, for appellants.

Thos. R. Bond, of Terrell, for appellee.

HODGES, J. In May, 1925, the appellee, Gill, recovered a judgment for the sum of $694.59 against Ferrell Dean, one of the appellants. On January 17, 1928, Gill applied for and secured a writ of garnishment, which was on the same day served on W. D. Dean, who at that time was the temporary administrator of the estate of E. N. and S. J. Dean, the deceased father and mother of Ferrell Dean. On April 9, 1928, W. D. Dean, as garnishee, filed his answer, alleging, in substance, that as temporary administrator he had in his hands the sum of $207.85 belonging to Ferrell Dean, and that he was ready and willing to pay that sum over to any person legally entitled to receive it. The answer of the garnishee was controverted by Ferrell Dean and J. D. McDonald. Ferrell Dean alleged, in his controverting affidavit, that the money held by the garnishee was a part of the estate inherited by contestant from his father and mother, and was not subject to garnishment while in the hands of the administrator. He also alleged that the fund in controversy had, prior to the issuance and service of the writ of garnishment, been assigned by contestant to J. D. McDonald, and was the property of McDonald at the time the writ was served. In the contest filed by McDonald the same facts were stated more in detail. In a trial before the court, judgment was rendered in favor of the garnishor, giving priority to the writ over the assignment.

The judgment is attacked upon two grounds: (1) That the funds in the hands of the administrator were not subject to garnishment; and (2) that, the written assignment having been made and delivered to McDonald before the issuance and service of the writ, the claim of McDonald was superior to that of the garnishor.

The facts as found by the court, in addition to those previously stated, are as follows: The estate of E. N. and S. J. Dean was in the hands of W. D. Dean as temporary administrator, and was closed out under the temporary administration, there being no necessity for a permanent administration. On January 19, 1928, the probate court of Rockwall county, where the administration was pending, entered an order approving the final report of the temporary administrator and directing him to distribute the estate among the different claimants. He further found that on December 22, 1927, Ferrell Dean signed and delivered to McDonald the following written order on W. D. Dean: "Please pay to J. D. McDonald the sum of $248.62 out of the money coming to me out of my mother's (Mrs. E. N. Dean's) estate, I being indebted to him in that amount." That order was not presented to W. D. Dean until after the writ of garnishment was issued and served, and after the probate order approving the final report directing the distribution of the estate had been made. W. D. Dean had no notice of the order held by McDonald until some time after the writ had been served and the order of distribution made. Upon those facts the court concluded that the claim of McDonald was subordinate to the writ, and entered a judgment in favor of Gill against the garnishee for the amount of $207.85, allowing the garnishee the sum of $15 as attorney's fees.

■■ The order delivered by Ferrell Dean to J. D. McDonald was in effect an assignment, and passed to McDonald the title to the funds held by the administrator some time before the writ of garnishment was issued. Davis & Goggin v. Bank (Tex. Civ. App.) 156 S. W. 321, and cases there cited. The money in the hands of the administrator being trust funds, it was unnecessary that the latter should have notice of the assignment in order to vest the title in the assignee. Such notice was required only as a protection to the administrator. Canterbury & Gilder v. Marengo Co., 166 Ala. 231, 52 So. 388, 139 Am. St. Rep. 30; Walton v. Horkan, 112 Ga. 814, 38 S. E. 105, 81 Am. St. Rep. 77; Freeman on Executions (3d Ed.) § 170; 2 R. C. L. p. 629.

■■ A garnishing creditor has no higher claim on the funds in the hands of the garnishee than can be asserted by the creditor at the time the writ is served. The writ operates to impound only effects, funds, or debts which belong to the debtor. There is in this

case no evidence of collusion between Ferrell Dean and McDonald to place those funds beyond the reach of Dean's creditors. Under those circumstances the funds belonged to McDonald at the time the writ was served on the administrator, and were not subject to garnishment for the debt of Ferrell Dean.

The judgment of the trial court will be reversed, and judgment here rendered that the garnishor take nothing by his suit against the garnishee, and that the funds in controversy be awarded to McDonald. It is further ordered that the sum of $15 be allowed to the garnishee as attorney's fees. The cost of this appeal will be adjudged against the garnishor, Gill.

On Appellee's Motion for Rehearing.

In response to appellee's motion for a rehearing, we have concluded to modify the judgment heretofore rendered by us, and to remand this case for another trial. We adhere to the conclusion previously stated that the trial court erred in treating the writ of garnishment as superior to the order given to J. D. McDonald; but in the present state of the record we are unable to definitely determine how much of the estate held by W. D. Dean, administrator, was subject to that order.

The motion will therefore be granted, and the cause reversed and remanded for another trial.