48 So.2d 312

## McGREGOR v. McGREGOR.

### 6 Div. 969.

Supreme Court of Alabama.

Oct. 26, 1950.

See also 250 Ala. 662, 35 So.2d 685.

Smyer & Smyer, of Birmingham, for appellant.

---

Kingman C. Shelburne, of Birmingham, for appellee.

BROWN, Justice.

The only assignment of error inviting consideration on this appeal is assignment numbered 3 predicated on that part of the decree denying appellant relief on her cross-bill and dismissing the same. That part of the decree is a final decree and supports this appeal. Code of 1940, Title 7, § 754.

That part of the decree ordering the administratrix to make final settlement on which assignments of error are predicated is merely interlocutory and is not within the statutes authorizing appeals from interlocutory judgments or decrees. Code of 1940, Title 7, §§ 755, 759 and 763; McGregor v. McGregor, 250 Ala. 662, 35 So.2d 685.

The amended cross-bill seeks reformation of a written agreement made between all interested parties sui juris on the 5th day of July, 1946, and ratified and confirmed by a final decree of the circuit court in equity to which the administration of the estate had been removed from the probate court on the petition of appellant as the administratrix of the estate. Such proceedings being deemed essential on account of the interest of Margaret McGregor, a minor, represented by a duly appointed guardian ad litem. The agreement covered all matters except a controversy between the heirs and the widow as to the value of the dower right of the widow in certain land previously sold by order of the probate court. Said controversy was submitted for determination in the proceedings to confirm said written agreement and was determined in the final decree confirming the agreement and on appeal that part of the decree was affirmed in McGregor v. McGregor et al., 249 Ala. 75, 29 So.2d 561.

In paragraphs 4, 5 and 7 of said agreement it was stipulated:

"4. Bessie Mussey McGregor is to be allowed to continue to occupy the apartment she has heretofore occupied, without

any obligation to pay rent either since the death of A. S. McGregor or in the future, subject, however, to the provisions contained in Paragraph 5 of this agreement; nor will any objection be interposed to her use of that apartment as a business venture during the period she is allowed to occupy the same free of rent, providing such commercial use be restricted to the present business of the sale of antiques, glassware and similar household decorations.

"5. The period of free occupancy of said apartment shall be the period she continues to act as the administratrix of the estate of A. S. McGregor, deceased, and is active in the matter of the operation of the apartment building; subject to sale, however, during that period.

\* \* \* \* \* \*

"7. Bessie Mussey McGregor shall continue as the active manager of the apartment building during the period she is acting as administratrix of the estate, for which service she shall be compensated in an amount equal to 5% of the gross receipts plus said free occupancy of a unit in said apartment building; but she waives any right to claim any fees for her services as administratrix other than the fees already allowed to her in the partial final settlement which was confirmed by decree of the Circuit Court of Jefferson County entered March 26, 1946."

It is these paragraphs of the agreement (above quoted) the appellant by her cross-bill as last amended seeks to reform and as a basis for this relief, it alleges:

"That prior to the execution of the contract attached as Exhibit 1 to the petition as amended, your petitioner entered into negotiations with the heirs of the Estate of A. S. McGregor, Deceased, through her attorneys, Smyer and Smyer, to adjust all disputes between your petitioner as the widow of A. S. McGregor, Deceased, and the heirs of A. S. McGregor, Deceased, that the preliminary draft of the agreement between the parties above referred to was in substance that the widow would waive any claim to homestead, would waive all claim to quarantine rights, would waive all claim to any personal property located in the Richmond Apartments belonging to said deceased being particularly understood that she would waive her claim to such items as refrigerators, stoves and household furniture located in the rental units of said apartments, that she would further waive all claim to compensation as administratrix of the estate of said deceased other than allowed by the court on her first partial settlement as such administratrix, together with the free rental of the apartment located in said Richmond Apartments, which she had been occupying. In exchange for this consideration on her part she was to remain as active manager of such apartment for a consideration of 5% of the gross rental, together with the free occupancy of one apartment unit in said apartment building. Inasmuch as the widow was entitled to one-half of the net income of the said Richmond Apartments as her dower interest, your petitioner was particularly anxious and desirous of retaining the right to live in, manage, and operate said apartment building and that at all times she was willing to waive the above items in order to secure this right during the remainder of her natural life. That due to the facts that there was a minor heir involved in this estate, it was decided that the minor's interest would be better protected if instead of a contract to manage such apartment, the parties would enter into a contract to permit her to remain as administratrix of said estate for the remainder of her life, so long as she faithfully performed the duties of active manager of said apartment and so long as said apartment remained unsold. It was understood between the parties that in order to effect this provision and in order to circumvent any possibility that such a wording in the agreement would interfere with any future sale of the property, it was agreed that the agreement should be worded as it appears in Exhibit 1. It was understood and agreed at all times by and between the said parties that the effect of said Exhibit 1 was to give her the right to continue to manage said apartment and to occupy one apartment unit in said apartment during the remainder of her life so long as she continued to manage such

apartment faithfully and so long as the property remained unsold.

"Your petitioner was not informed that the heirs of said estate contended otherwise until shortly prior to the filing of this petition to force a final settlement. On the contrary all the acts and words of the heirs prior to such time confirmed your petitioner's interpretation of this contract. That your petitioner understanding and being informed that such agreement gave her the right to continue to manage said apartment, agreed and consented to the entering of the decree by this court, a copy of which is attached to the petition to force a final settlement and designated as Exhibit 2 thereof. That all matters contained in said decree were by consent, except the determination of the proportion of her dower interest in certain real estate which has been sold during the administration of this estate."

We take from appellant's brief the following statement. "Briefly, the facts in this case are that shortly after the death of Mr. A. S. McGregor, the parties herein entered into negotiations concerning the management of the apartment house which constituted the principal asset of the estate of A. S. McGregor. These negotiations continued for a period of almost three years and after several proposals and counter proposals, these negotiations culminated in the agreement attached to the petition for final settlement marked Exhibit One, as confirmed by the decree of the court attached to said petition as Exhibit Two. The appellant, in her cross bill to the petition for final settlement alleges that the agreement entered into gave her the right to continue acting as administratrix, and to continue in the management of the apartment building, for so long as she faithfully performed those duties, subject to sale of the building. The appellant, in her cross bill, prayed in the alternative for a construction of the agreement in accordance with those allegations, for a reformation, or for a recision of the agreement. The circuit court rendered its decree denying the relief prayed for in the cross bill and granting the relief prayed for in the petition for final settlement.

From this decree the appellant took this appeal, assigning that the court erred in not granting the relief prayed for in her cross bill."

To this statement we add that during all these negotiations appellant was represented by able counsel who filed the petition to confirm said agreement. And the court after hearing testimony interpreted and confirmed the same. We quote from the court's decree:

"Upon consideration, it is ORDERED, ADJUDGED AND DECREED by the court that the agreement made and entered into by and between Bessie Mussey McGregor on the one hand and all of the adult heirs on the other hand, is a fair, just and lawful settlement of the matters and things therein agreed upon, and it would be to the best interest of said minor that such agreement be put into effect and be made binding upon the parties thereto and also upon said minor; and it is so ordered and done.

\* \* \* \* \* \*

"(f) Since the date of the death of the decedent the widow has continued to reside in one of said apartment units. No charge is to be made against her for rent on account of the occupancy of said apartment unit to this date; and she shall be entitled to continue to occupy said apartment unit without payment of rent as long as she continues to be the administratrix of the state and continues to be the active manager of said apartment building, collecting the rents therefrom, seeing to the repairs and other like services; subject to sale, however, during that period.

"(g) The administratrix shall have the fees allowed to her in the partial-final settlement which was confirmed by a Decree of this Court entered on March 26, 1946, and she is to continue to act as such managing agent as long as she remains administratrix of the estate and faithfully performs those duties, subject to sale of the apartment building. For her services as such managing agent since December 31, 1945, and as long as she acts in that capacity, she shall be entitled, as compensation, to five per cent of the gross rental received from said apartment building,

and the free occupancy of the apartment as recited in paragraph (f) above, but she shall not have or claim any fees as administratrix for that or any other service. The widow shall be entitled to make use of said apartment unit so occupied by her, as a business venture during the time she is allowed to occupy the same free of rent, provided such commercial use be restricted to the business of the sale of antiques, glassware, and similar household decorations. * * * ".

By that proceeding the agreement was merged in the Court's decree. Stephenson v. Harris, 131 Ala. 470, 477, 31 So. 445.

It requires great particularity of averment and very clear proof to authorize the reformation of a written contract. Dexter v. Ohlander, 95 Ala. 467, 10 So. 527; Turner v. Kelly, 70 Ala. 85; Campbell v. Hatchett, 55 Ala. 548.

It is also well settled that where an instrument speaks the true agreement between the parties, equity will not reform it because one or both of them may have mistaken its legal consequences. Orr v. Echols, 119 Ala. 340, 24 So. 357.

There is an absence of allegation or proof going to show fraud and the burden of proof was on the appellant to overcome the presumption that the agreement as confirmed by the decree speaks the truth by clear and satisfactory evidence. Smith v. Allen, 102 Ala. 406, 14 So. 760; Federal Land Bank of New Orleans v. Williams et al., 237 Ala. 318, 186 So. 689.

We are not impressed with the argument that the agreement was without consideration or that it was unconscionable and should be cancelled.

The appellant has not met the burden of proof imposed on her by the allegations of the cross-bill and the decree denying relief and dismissing the same was without error.

Affirmed.

LIVINGSTON, LAWSON and SIMPSON, JJ., concur.