JONES, Justice.
This appeal from an adverse summary judgment presents two issues:
1. Is an assignment superior to a garnishment where the garnishment issues subsequent to the assignment?
2. Is the assignment and lien securing a debt merged into a judgment and thus extinguished and lost?
Although this case has followed a long and convoluted course, the basic facts essential to our consideration and decision may be abbreviated as follows:
In 1967, appellees obtained judgments against Arthur C. Hartley, Jr. In April, 1975, appellant Hare obtained an assignment from Hartley of his share of commissions that might result from a coal mine sales agency business to cover advances by Hare to Hartley. The sales agency business produced a commission of which the net share allocable to Hartley was $20,533.33. In October, 1975, appellees filed and served a garnishment on the party holding the fund, i. e., the share of commission earned by Hartley.
In December 1975, Hare obtained a $41,-600 consent judgment against Hartley based on advances covered by the assignment.' Hare then garnished the same fund. The trial Court, granting the appellees’ Motion for Summary Judgment, ruled that Hare’s assignment was merged into his judgment and thus extinguished and lost; and, because the garnishment of appellees was prior in time to Hare’s garnishment, the garnishment of appellees was superior. We reverse and remand.
The threshold question is one of priorities. Does a valid assignment of an interest (here, the sales commission) constitute a prior lien or security over a subsequently issued attachment (garnishment) of that same fund?
The general rule is that an assignment is superior to a garnishment where the garnishment issues after the assignment was made. 6 Am.Jur.2d, Attachment and Garnishment, § 482, citing, Canterbury & Gilder v. Marengo Abstract Co., 166 Ala. 231, 52 So. 388 (1910).
On the final dispositive point—merger— appellees’ reliance upon McGregor v. McGregor, 254 Ala. 378, 48 So.2d 312 (1950), is misplaced. The prior agreement between the parties, which the McGregor court held was merged into the final decree, did not constitute a security interest; and thus, in McGregor, the initial issue of priorities of claims was not involved.
An assignment or lien securing a debt which becomes merged in a judgment is not affected by such merger; the “merger” does not destroy the character of the debt. “[I]f a creditor has a lien upon property of the debtor and obtains a judgment against him, he does not thereby lose the benefit of the lien.” Restatement of the Law Of Judgments, § 47(d) (1942). See 46 Am.Jur.2d, Judgments, § 393, n. 6, 7; and 50 C.J.S. Judgments § 599 (both the doctrine of merger and its limitations).
The reason for the rule is to avoid the obvious injustice of forcing the assignment (or lien) holder to lose his security preference by pursuing his claim to judgment.
We reject the urging of appellant to instruct the trial Court upon remand to grant appellant’s Motion for Summary Judgment. While we have treated the assignment as legally valid (because this was the posture in which the trial Court granted appellees’ motion), we cannot be certain from the record before us that the ultimate disposition of this case is not dependent upon genuine issues of fact relating to the validity of the assignment. Because the trial Court is in the better position to so determine, we reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.